**Robert D. CUNNINGHAM, Jr., Plaintiff,**

**v.**

**Edward R. BECKER and The Judicial Council of the Third Judicial Circuit, Defendants.**

**No. C.A. 99–407–SLR.**

United States District Court, D. Delaware.

May 16, 2000.

Robert D. Cunningham, Jr., M.D., plaintiff pro se.

Carl Schnee, United States Attorney, Virginia Gibson–Mason, Assistant United States Attorney, Patricia C. Hannigan, Assistant United States Attorney, United States Attorney's Office, Wilmington, DE, for defendants.

## MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

### I. INTRODUCTION

Plaintiff Robert D. Cunningham, Jr. filed this action on June 28, 1999 against defendants Edward R. Becker, Chief Judge of the United States Court of Appeals for the Third Circuit, and the Judicial Council of the Third Circuit ("Judicial Council"), alleging violations of his Fifth Amendment due process rights. (D.I.1) Plaintiff's allegations arise out of defendants' actions with respect to two complaints of judicial misconduct filed by plaintiff pursuant to 28 U.S.C. § 372(c)(1). Plaintiff seeks injunctive relief; specifically, he is asking this court to "return" the two complaints to defendant Becker for further evaluation.

Currently before the court is defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). (D.I.17) For the following reasons, defendants' motion shall be granted.

### II. BACKGROUND

Plaintiff filed two complaints of judicial misconduct with the clerk of the Court of Appeals for the Third Circuit. The first of these complaints was filed on September 25, 1998 and asserted five allegations of misconduct on the part of the United States District Court Judge who had handled a civil rights case brought by plaintiff in May 1996.[1] (D.I. 2 at A1–13) Of the five allegations asserted by plaintiff in his complaint, defendant Becker dismissed three of them, two on the grounds that the allegations of misconduct were related to the merits of the District Court Judge's decisions and one on the ground that the allegation was legally frivolous. *See In re Complaint of Judicial Misconduct,* J.C. No. 98–103 (3d Cir. Jan. 12, 1999). Defendant Becker ordered the District Court Judge to respond to the remaining two allegations. *See id.* After reviewing the District Court Judge's response, defendant Becker dismissed the remaining two allegations as legally frivolous. *See In re Complaint of Judicial Misconduct,* J.C. No. 98–103 (3d Cir. Feb. 17, 1999).

On March 1, 1999, plaintiff filed a Petition for Review of defendant Becker's decision. The Judicial Council affirmed defendant Becker's decision on April 19, 1999. *See In re Complaint of Judicial Misconduct,* J.C. 98–103 (3d Cir. Apr. 19, 1999).

Plaintiff filed his second complaint of judicial misconduct on May 4, 1999. (D.I. 2 at A31–38) In this complaint, plaintiff asserted five allegations of misconduct, which allegations were similar to those raised in his previous filing. (D.I. 2 at A31–38) On May 25, 1999, defendant Becker dismissed plaintiff's complaint on the ground that the allegations were directly related to the merits of the District Court Judge's decisions or procedural rulings. *See In re Complaint of Judicial Misconduct,* J.C. No. 99–07 (3d Cir. May 25, 1999).

---

**1.** In addition to his complaint, on September 24, 1998 plaintiff filed a five page supplemental "Statement of Facts," which it appears defendant Becker considered when rendering his decision.

On June 15, 1999, plaintiff filed a Petition for Review of defendant Becker's decision. The Judicial Council affirmed the decision on July 26, 1999. *See In re Complaint of Judicial Misconduct,* J.C. 99–07 (3d Cir. July 26, 1999).

## III. THE COMPLAINT

Plaintiff filed the instant action in June 1999, alleging defendants violated his Fifth Amendment due process rights. In his complaint, plaintiff sets forth five (5) causes of action. First, plaintiff asserts that Rule 2 of the Third Circuit's Rules Governing Complaints of Judicial Misconduct ("Rule 2") "violates intent of procedural due process contained within 28 U.S.C.S. [§] 372(c)." [2] (D.I. 1 at A78) Specifically, plaintiff contends that the five (5) page length restriction in combination with the disallowance of the attachment of exhibits infringes upon his "due process right to have all allegations considered." (D.I. 1 at 79) Plaintiff avers that the restrictions set forth in Rule 2

do not provide for a mechanism for a complainant to specify what questions need to be addressed; which laws, rules or principles the complainant believes to have been transgressed by the judge complained of; any argument by the plaintiff regarding why he believes that a certain action by a judge should be considered misconduct or an indication of disability; or give the plaintiff any opportunity to suggest further paths of investigation that may uncover additional evidence that may either support or refute the complaint of misconduct.

(D.I. 1 at 79) As a result, plaintiff avers, Rule 2 "impedes the clear presentation of allegations to be addressed, leading to the misidentification of allegations" by the presiding judicial officer. (D.I. 1 at 79–80) Plaintiff asks this court to strike down

Rule 2 and "order that J.C. 98–103 be resubmitted, in a format more appropriate for a complaint containing multiple complaints of significant complexity, to the Chief Judge for reconsideration." (D.I. 1 at 80)

In counts [3] II through V of his complaint, plaintiff contests defendant Becker's dismissal of the allegations of judicial misconduct. Specifically, plaintiff contends that defendant Becker's dismissal of various allegations on the grounds that they were related to the merits of the District Court Judge's decisions or procedural rulings was vague in that it did not specify which decision or procedural ruling of the District Court Judge was implicated and bore "no relationship or relevance to the allegation being made." (D.I. 1 at 99–106) Plaintiff requests that the court "return[ J.C. 99–07] to [defendant] Becker for further evaluation." (D.I. 1 at 99–106)

## IV. STANDARD OF REVIEW

■ In deciding a motion to dismiss under Rule 12(b)(6), a court primarily must consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case as well as exhibits attached to the complaint may also be taken into account. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993). In ruling on a 12(b)(6) motion, the factual allegations of the complaint must be accepted as true. *See Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (*per curiam*). Moreover, the court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from those allegations. *See Retail Clerks Int'l Ass'n v. Schermerhorn,* 373 U.S. 746, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963); *Schrob v. Catterson,*

**2.** Since plaintiff makes no specific allegations with respect to the Judicial Council, it is unclear to the court what theory of liability plaintiff is asserting against that body. The court will assume in this regard, however, that plaintiff is avering that the Judicial Council acted improperly in affirming defendant

Becker's dismissal of plaintiff's complaints of judicial misconduct and in promulgating Rule 2.

**3.** Although plaintiff refers to his causes of action as "complaints," the court will refer to them as "counts."

948 F.2d 1402, 1405 (3d Cir.1991). Accordingly, the court must resolve any ambiguities concerning the sufficiency of the claims in favor of the plaintiff. *See Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (*per curiam*). Thus, the "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *accord Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988). Where, as here, the plaintiff is a *pro se* litigant, the court has an obligation to construe the complaint liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Gibbs v. Roman,* 116 F.3d 83, 86 n. 6 (3d Cir.1997); *Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451, 456 (3d Cir.1996).

## V. DISCUSSION

### A. The Statutory Scheme

The allegations of judicial misconduct which form the basis of this complaint were filed pursuant to the Judicial Conduct and Disability Act of 1980 ("the Act"), 28 U.S.C. § 372(c). Section 372(c) permits any person alleging that a district judge, *inter alia,* "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts" to file a written complaint with the chief judge of the circuit court of appeals for the circuit. *Id.* at § 372(c)(1). Upon review of the complaint,

> the chief judge, by written order stating his reasons, may—
>
> (A) dismiss the complaint, if he finds it to be (i) not in conformity with paragraph (1) of this subsection, (ii) directly related to the merits of a decision or procedural ruling, or (iii) frivolous; or
>
> (B) conclude the proceedings if he finds that appropriate corrective action has been taken.

*Id.* at § 372(c)(3). Alternatively, the chief judge may, if such is warranted, initiate an investigation by appointing a special committee. *See id.* at § 372(c)(4)(A). The special committee, if appointed, "shall conduct an investigation as extensive as it considers necessary, and shall expeditiously file a comprehensive written report thereon with the judicial council of the circuit." *Id.* at § 372(c)(5). After reviewing the report of the special committee, the judicial council "shall take such action as is appropriate to assure the effective and expeditious administration of the business of the courts within the circuit," including but not limited to censuring or reprimanding the district judge whose conduct has been called into question. *Id.* at § 372(c)(6)(B).

### B. Jurisdiction

As a threshold matter, the court must determine whether it has jurisdiction to review any or all of plaintiff's claims. On its face, the Act's finality clause, 28 U.S.C. § 372(c)(10), "expressly limits the availability of review of orders and determinations made under the Act." *Hastings v. Judicial Conference of the United States,* 770 F.2d, 1093, 1096 (C.A.D.C.1985) (hereinafter *Hastings I*). According to this clause, an individual (whether complainant, judge or magistrate) aggrieved by a "final order" of the chief judge entered pursuant to § 372(c)(3) may petition the judicial council of the circuit for review. 28 U.S.C. § 372(c)(10). Similarly, an individual aggrieved by an "action" of the judicial council taken pursuant to § 372(c)(6) may petition the Judicial Conference of the United States for review. *See id.* Aside from these avenues of redress, the finality clause declares that "all orders and determinations, including denials of petitions for review, shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise." *Id.* Defendants contend that this withdrawal of jurisdiction precludes this court's review of plaintiff's claims.

There are few reported decisions construing the scope of the finality clause. Those courts that have considered the issue have determined that the clause does not bar judicial review of the constitution-

ality of the Act itself. *See Hastings v. Judicial Conference of the United States,* 593 F.Supp. 1371, 1378 (D.D.C.1984) (hereinafter *Hastings), aff'd in part and vacated in part, Hastings .I,* 770 F.2d 1093; *McBryde v. Committee to Review Council Conduct & Disability Orders of Judicial Conference of United States,* 83 F.Supp.2d 135, 157 (D.D.C.1999). These same courts, however, have interpreted the finality clause broadly so as to preclude judicial review of all claims that do not rise to the level of constitutional challenges. For example, in *Hastings,* the court concluded that "the language of the Act and its legislative history plainly show that Congress intended to establish an absolute bar against judges under inquiry seeking judicial review of actions taken against them pursuant to the Act." *Hastings,* 593 F.Supp. at 1377–78. Similarly, the Fifth Circuit in *In re McBryde,* 117 F.3d 208 (5th Cir.1997), noted that "Congress has made crystal clear its intent that the federal courts as such exercise no appellate jurisdiction" over claims arising out of a § 372 proceeding. *Id.* at 220 n. 7; *accord In re McBryde,* 120 F.3d 519, 523 (5th Cir.1997) (stating that the Fifth Circuit Court of Appeals lacked jurisdiction "to consider any ... challenges to orders rendered by the Judicial Council or Special Committee in connection with a § 372 proceeding"). One court, however, has found that the finality clause does not preclude a district court from hearing a plaintiff judge's constitutional challenge to the Act as it was applied to him. *See McBryde,* 83 F.Supp.2d at 158.

▇▇ Straightforward application of the statutory language leads this court to conclude that it lacks jurisdiction to consider challenges to "final orders" rendered by a chief judge and actions taken by the Judicial Council in connection with a § 372 proceeding. Persons aggrieved in the course of § 372 proceedings have remedies. Those remedies lie with the Judicial Council and the Judicial Conference of the United States, not with this court. The court, therefore, is precluded from reviewing challenges to the constitutionality of the Act as-applied. On the other hand, the court finds that the Act does not bar review of the constitutionality of the statute itself. Accordingly, in the instant action, the court has jurisdiction to consider count I of plaintiff's complaint. It is, however, precluded from considering plaintiff's as-applied constitutional claims, i.e., counts II through V.

## C. Plaintiff's Facial Constitutional Claim

In count I of his complaint, plaintiff appears to contend that Rule 2 is facially unconstitutional. Rule 2 was enacted by the Judicial Council pursuant to 28 U.S.C. § 372(c)(11), which provides that "[e]ach judicial council ... may prescribe such rules for the conduct of proceedings under this subsection, including the processing of petitions for review, as each considers to be appropriate." Rule 2 concerns the parameters for filing a complaint of judicial misconduct. It provides in relevant part:

(b) **Statement of facts.** A statement should be attached to the complaint form, setting forth with particularity the facts that the claim of misconduct or disability is based on. The statement should not be longer than five pages (five sides), and the paper size should not be larger than the paper the form is printed on. Normally, the statement of facts will include:

(1) A statement of what occurred;

(2) The time and place of the occurrence or occurrences; and

(3) Any other information that would assist an investigator in checking the facts, such as the presence of a court reporter or other witnesses and their names and addresses. . . .

(d) **Submission of Documents.** Documents such as excerpts from transcripts may be referred to in the statement of facts as evidence of the behavior complained about, but the documents may only be submitted if required by the chief judge of the circuit under Rule 4(D). Any reference to a document in

the statement of facts must refer to the specific pages in the document on which the relevant material appears.

The commentary to Rule 2 notes "[i]t is hoped that a five-page limit will avoid long, rambling complaints that do not clearly identify the conduct complained of without unduly restricting the ability to communicate the facts supporting a complaint."

 Plaintiff avers that Rule 2 unconstitutionally constrains the ability of a complainant to clearly state his case. Reduced to its pure form, plaintiff's argument is that due process entitles complainants to file a complaint of whatever length they deem necessary to present their allegations. He cites no authority supporting such a proposition, and this court knows of none. Rather, page limits, as well as other restrictions on litigants, are ordinary practices employed by courts to assist in the efficient management of the cases before them. *See Watts v. Thompson*, 116 F.3d 220, 224 (7th Cir.1997) (noting that the Seventh Circuit has a "page limit which is rather strictly, and cheerfully, enforced"); *see also Jones v. Barnes*, 463 U.S. 745, 752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Weeks v. Angelone*, 176 F.3d 249, 271 (4th Cir.1999); *Oostendorp v. Khanna*, 937 F.2d 1177, 1179 (7th Cir.1991); *Campbell v. Kincheloe*, 829 F.2d 1453, 1467 n. 8 (9th Cir.1987); *In re Continental Airlines, Inc.*, C.A. No. 94–474–SLR, 1995 WL 704783, at *6 (D.Del. Oct.19, 1995); *Brown v. Doe*, 803 F.Supp. 932, 947–48 (S.D.N.Y. 1992). In and of themselves, page limitations are neither inherently objectionable nor unreasonable. While the page limitation at issue may require complainants to make certain strategic choices as to which allegations to include and which to omit, it is not in and of itself unreasonable. For this reason, Rule 2 presents no facial violation of the Fifth Amendment's due process requirement.

## B. Plaintiff's As–Applied Constitutional Claims

Even assuming that the court had jurisdiction to hear plaintiff's as-applied constitutional claims, the court finds that plaintiff's allegations fail to state a claim upon which relief can be granted. In counts II through V of the instant complaint, plaintiff enumerates a series of due process violations [4] that purportedly infect the orders issued by defendant Becker in response to plaintiff's complaints of judicial misconduct. The Due Process Clause of the Fifth Amendment protects against deprivation of "life, liberty, or property, without due process of law." The purpose of such language is "to prevent government 'from abusing [its] power, or employing it as an instrument of oppression.'" *DeShaney v. Winnebago Cty. Dept. of Social Services*, 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) (quoting *Davidson v. Cannon*, 474 U.S. 344, 348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986)).

 In order to pursue a due process claim, a plaintiff must demonstrate that he or she was deprived of a life, liberty, or property interest protected by the Fifth Amendment. *See Taylor Investment, Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1292–93 (3d Cir.1993) (stating that in order to prevail on a substantive due process claim, a plaintiff must demonstrate that he was deprived of a protectable property interest by an arbitrary and capricious act); *Reich v. Beharry*, 883 F.2d 239, 242 (3d Cir.1989) (stating that a plaintiff must allege an interest worthy of procedural due process protection and that he was deprived of this interest without an adequate hearing in order to prevail on a procedural due process claim). As the Supreme Court recognized,

> [p]roperty interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules and under-

**4.** Plaintiff does not specify whether he is seeking relief based on procedural or substantive

due process.

standings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*See Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Similarly, liberty interests protected by the Fifth Amendment arise from two sources—the due process clause itself and the applicable federal or state regulations. *See Hewitt v. Helms,* 459 U.S. 460, 466, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). The liberty guaranteed by the Fifth Amendment

> "denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized ... as essential to the orderly pursuit of happiness by free men."

*Board of Regents,* 408 U.S. at 572, 92 S.Ct. 2701 (quoting *Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 67 L.Ed. 1042 (1923)). To have a recognized property or liberty interest, an individual must demonstrate that he has more than a unilateral expectation of or desire for a benefit; he must show a legitimate entitlement to it. *See id.* at 577, 92 S.Ct. 2701. Thus, in analyzing plaintiff's due process claim the court must look to the federal regulation at issue to determine whether plaintiff possessed a property or liberty interest which was abrogated by governmental action.

 Under the standards delineated above, plaintiff has failed to identify either a property or liberty interest that is protected by the Fifth Amendment. An allegation that a judge's order is vague and not well reasoned does not, by itself, establish the requisite property or liberty interest. And plaintiff has not pointed to any

federal statute or regulation entitling him to more detailed or reasoned orders in response to his complaints of judicial misconduct. The mere fact that a federal regulation provides for an administrative procedure does not in and of itself create a property or liberty interest in the outcome of that procedure.

Such is particularly true in the case at bar, where the role of a complainant such as plaintiff in the proceeding is minimal. The procedure established by the Judicial Council affords individuals such as plaintiff an opportunity for the filing of complaints of judicial misconduct. Other than alerting the chief judge of any potential misconduct via the filing of a complaint, however, the complainant has no other role in the process. Moreover, since the proceedings are designed solely "to improve the administration of justice in the federal courts," a person in plaintiff's position has no interest in the outcome of the process. Rule 1(a), Rules of the Judicial Council of the Third Circuit Governing Complaints of Judicial Misconduct and Disability. No benefit can accrue to a person such as plaintiff since neither the chief judge nor the Judicial Council have the authority to alter the outcome of a case. In the absence of a protected liberty or property interest, plaintiff had no right to due process and, thus, has failed to present a cognizable constitutional claim against either defendant in this action.[5]

## VI. CONCLUSION

For the foregoing reasons, the court finds that plaintiff's complaint fails to state a cause of action against defendant Becker and the Judicial Council. Accordingly, the court shall grant defendants' motion to dismiss. (D.I.17)

---

**5.** To the extent that plaintiff challenges the constitutionality of Rule 2 as it was applied to him, the court finds that plaintiff has failed to allege a deprivation of due process with respect to a protectible liberty or property interest.