BREED TECHNOLOGIES INC., Plaintiff,

v.

ALLIED SIGNAL INC., Defendant.

No. CIV. A. 00–147–GMS.

United States District Court, D. Delaware.

Jan. 5, 2001.

Ian Connor Bifferato, of Bifferato, Bifferato & Gentilotti, Wilmington, DE, Dean A. Ziehl, Andrew W. Caine, Pachuslki, Stang, Ziehl, Young & Jones, Los Angeles, CA, Jones, Day, Reavis & Pogue, Washington, DC (Geoffrey S. Stewart, Gregory M. Shumaker, Edward K.M. Bilich, of counsel), for Plaintiff.

Kevin Gross, Rosenthal, Monhait, Gross & Goddess, Wilmington, DE, Thomas D. Yannucci, Eugene F. Assaf, Craig S. Primis, Kirkland & Ellis, Washington, DC, for Defendants.

### MEMORANDUM AND ORDER

SLEET, District Judge.

On February 25, 2000, United States District Judge Susan C. Bucklew ordered this action transferred from the Middle District of Florida to the District of Delaware.[1] On June 2, 2000, the plaintiff, Breed Technologies, Inc., ("Breed") filed a Brief of Plaintiff Breed Technologies, Inc. In Support Of Motion To Remand (D.I. 62) this action to the Circuit Court for Polk

---

1. At the time of the transfer, Breed's Chapter 11 bankruptcy petition was pending before the Bankruptcy Court for the District of Delaware.

County, Florida.[2] The defendant, Allied Signal, Inc., ("Allied") opposes Breed's motion. After consideration of the record and the submissions of the parties, for the reasons that follow, the court will grant Breed's motion in part.

The complaint which initiated this action was originally filed by Breed in Florida state court. That complaint raised only state law claims for fraud and negligent misrepresentation arising out, of Breed's acquisition of a division of Allied. Subsequently, Breed filed an amended complaint which added to its original claims averments to avoid a series of allegedly fraudulent transfers. *See* 11 U.S.C. §§ 544(b) and 550 (1994).

■ In *National City Bank v. Coopers & Lybrand*, the federal district court, decided the plaintiff's motion to remand the case based upon the plaintiff's assertion that the court lacked subject matter jurisdiction. Similar to the case presently before this court, the "[p]laintiff based its claims against defendant on state law causes of action, specifically fraud, negligence, and/or breach of contract." *Id.*, 1985 WL 6424 *2. Also similar to the case before the court, among the issues involved in the action in *National* was the avoidability of certain security interests pursuant to 11 U.S.C. § 544(a). In deciding to remand the case, the court concluded that "when the avoidability issue does not involve a substantial question of federal law because the real controversy surrounds state law issues" there is no subject matter jurisdiction under 28 U.S.C. § 1331. *Id.*, No. 4–85–715, 1985 WL 6424, at *4 (D.Minn. Nov. 1, 1985), *aff'd*, 802 F.2d 990, 992–93 (8th Cir.1986).

Though the issue of avoidability was raised by Breed in its amended complaint, rather than by way of defenses as was the case in *National*, the fact remains that "the avoidability issue does not involve a substantial question of federal law because the real controversy surrounds ... issues of [fraudulent transfer which are based upon the common law and statutory law of the state of Florida]." *Id.* at *4. *See also* 11 U.S.C. 544(b) (allowing a party to avoid claims under the "applicable law," which includes state law). Thus, the court concludes that subject matter jurisdiction based upon 28 U.S.C. § 1331 does not exist here because there is no federal question. Therefore, the only basis for exercising subject matter jurisdiction over this matter would appear to be provided by the federal bankruptcy statute. *See* 28 U.S.C. § 1334.

■ Under Section 1334, however, the court must abstain from certain types of proceedings which are related to a federal bankruptcy case. *See* 28 U.S.C. § 1334(c). In particular, the court should not entertain proceedings that are: (1) "based upon a State law claim or State law cause of action;" (2) "related to a case under [T]itle 11;" (3) but "not arising under [T]itle 11 or arising in a case under [T]itle 11;" and (4) which "could not have been commenced in a [federal] court ... absent jurisdiction under [Section 1334];" when (5) "an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." *Id.*

Here, there is no question that Breed's claims (1) arise under State (Florida) law. In light of *National City*, even its claims under 11 U.S.C. §§ 544(b) and 550 would seem to fit this definition. *Id.*, 1985 WL 6424, at *4. However, there is a question whether these claims are (2) "related to" a case under Title 11 because they would seem to involve a core proceeding. *See In re Mankin*, 823 F.2d 1296, 1299–1301 (9th

2. The docket in this case does not show that Breed ever filed a motion. The docket entry of 5/26/00 reads "... motion to remand reserved ... cnsl. to submit supplemental briefing schedule on motion to remand ..." An additional docket entry of the same date reads "...supplemental brief schedule relating to Breed's motion to remand as follows: pltf. open brief 06/02/00 ..." Thus, while a review of the docket seems to suggest that a formal written motion was never filed, the court will accept Breed's opening brief (D.I.63) filed on June 2, 2000 in lieu of such motion.

Cir.1987); *see also In re Toledo,* 170 F.3d 1340, 1348 (11th Cir.1999). Furthermore, by definition, the Section 544(b) and 550 claims (3) arise under Title 11. *But see* 28 U.S.C. § 1334(c) (stating that the claim cannot arise under Title 11).

Nevertheless, there is a question of whether (4) proceedings based on these claims "could ... have been commenced in [federal] court ... absent jurisdiction under [Section 1334]." *See* 28 U.S.C. § 1334(c). As the court has previously ruled, in light of the analysis in *National City,* there does not appear to be federal question jurisdiction over the fraudulent transfer claims because they raise only questions of Florida law (which, by definition, are not substantial questions of federal law). 1985 WL 6424, at *4. Thus, save for 28 U.S.C. § 1334, there does not appear to be any basis for exercising subject matter jurisdiction over Breed's claims. Consequently, the court concludes that it must abstain from hearing this matter.

As noted above, Breed has requested the court enter an order transferring the case back to the state court in Florida. For the reasons that follow, the court will decline this invitation.

As Wright and Miller explain,

It is well established that remanded cases must return to the state court[ ] from which they were removed. Federal district judges do not have the authority to "transfer" cases by remanding them to different courts within the same state, let alone courts of another state, regardless of jurisdiction, venue, and efficiency considerations favoring such an action.

14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739, at 474–75 (3d ed.1998) (footnotes omitted).

In this case, the action was removed to the federal district court in the Middle District of Florida and transferred by that court to this court. The "well established" principle cited in Wright and Miller makes it clear that this court lacks the authority to "transfer" this case to a

state court in Florida. Only the federal district court in Florida would have the authority to remand this case back to Florida state court. However, it is also well established that this court cannot transfer this case back to the Middle District of Florida. The Third Circuit has made it clear that "traditional law of the case principles should govern the propriety of a transfer order." *Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162, 168 (3d Cir. 1982). In setting forth its rationale, the Court quoted extensively from Chief Judge Leahy's opinion in *Gulf Research & Development Co. v. Schlumberger Well Sur. Corp.,* 98 F.Supp. 198, 201 (D.Del. 1951) (citations omitted). In explaining his denial of the plaintiff's motion to retransfer, Judge Leahy, the transferee judge, explained that,

It is not only the principle of comity and the fact that Judge Harrison's (the transferor judge's) opinion may be likened, at this stage, to the 'law of the case' which compels me to this conclusion, but, what seems of most importance to me are considerations for the orderly functioning of the judicial process. If I should grant plaintiff's motion and say, in effect, to Judge Harrison, 'You were wrong in transferring this case to Delaware,' I do not think he, in turn, would be any more bound to take and try the case on the merits, thereby respecting my views, than I had shown myself to be in ignoring his considered judgment. If both Judge Harrison and I were obdurate in our positions, this case could conceivably shuttle back and forth interminably between California and Delaware. Such an eventuality should be avoided.

*Id.* The *Hayman* court noted further that, "[a]dherence to law of the case principles is even more important in the context where the transferor judge and the transferee judge are not members of the same court." 669 F.2d at 169.

In light of this clear guidance from the Third Circuit Court of Appeals and the thoughtful exposition by Chief Judge Leahy, it would seem that this court's only

recourse would be to dismiss this action pursuant to the "futility exception" (that exception provides that where remand would be futile because the state court would also lack jurisdiction, the court may dismiss the action). Again, Third Circuit precedent dictates a different course of action.

In concluding that no such exception exists, The Third Circuit has stated that "when a federal court has no jurisdiction o[ver] a case removed from a state court, it must remand and not dismiss on the ground of futility [even though the state court may not have jurisdiction over the matter]." *See Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213–14 (3d Cir. 1997).

■ Given the clear guidance from *this* circuit's Court of Appeals,[3] it seems clear that the court may not remand this matter back to the state court in Florida. This would seem to leave the court on the horns of a dilemma. However, there does seem to be one avenue of recourse. The Delaware Superior Court may well have jurisdiction over this matter because (1) it is a court of general jurisdiction and (2) Allied is a Delaware corporation, which subjects it to personal jurisdiction here. *Cf. Miller v. Phillips Petroleum Co., Norway*, 537 A.2d 190, 194–95 (Del.1988) ("This litigation was commenced in the Superior Court of the State of Delaware, a court of gener-

al jurisdiction. [The defendant] is a Delaware corporation."). Furthermore, given the prior ruling on the motion to transfer and its binding effect as the law of the case, it would appear that venue is appropriate in this forum, albeit in state court.

For the reasons set forth above, IT IS HEREBY ORDERED, that Breed's motion to remand is GRANTED in part, and that this matter is remanded to the Superior Court for the State of Delaware in and for New Castle County.[4]

---

3. Subsequent to the drafting of this memorandum, the court received a letter from counsel representing Breed. In his letter, counsel writes that a transfer back to the United States District Court for the Middle District of Florida for the purpose of having that court remand this action to the Florida state court "would not violate principles of law-of-the-case ..." In support of this position, counsel has attached a copy of a Ninth Circuit opinion captioned, *U.S. Refining & Marketing Company, Inc. v. Archer*, 210 F.3d 387, 2000 WL 14398 (9th Cir. Jan.7, 2000). The court was previously aware of this decision, but did not intend to address it in its ruling. However, since counsel for the plaintiff has seen fit to cite this case, the court will address it briefly. The court will decline to follow *Archer* for two reasons. First, it provides for a result (the retransfer of an action from a transferee federal district judge in the Central District of California back to a transferor federal district judge in the Northern District of Texas) under circumstances which would seem to directly contravene the rationale set forth by the Third Circuit in *Sarokin*. Second, the opinion is unpublished. Under the Rules of the United States Court of Appeals for the Ninth Circuit, unpublished decisions are not precedent. *See* 9th Cir. R. 36–3. Thus, this court will not rely on this unpublished opinion because it is not persuasive authority. *See United States v. Skandier*, 125 F.3d 178, 181 (3d Cir.1997) (explaining that the court does not normally rely on unpublished, non-precedential opinions from other circuits).

4. Given the court's order, it will decline to address the remainder of the motions which have been filed by the parties.