**Delbert L. OVERTON, Plaintiff**

v.

**Juan R. TORRUELLA, in his personal capacity, Bruce M. Selya, in his personal capacity, Conrad K. Cyr, in his personal capacity, Michael Boudin, in his personal capacity, Norman H. Stahl, in his personal capacity, Sandra Lea Lynch, in her personal capacity, Hector M. Laffitte, in his personal capacity, William G. Young, in his personal capacity, D. Brock Hornby, in his personal capacity, Paul J. Barbadoro, in his personal capacity, Steven McAuliffe, in his personal capacity, Mary M. Lisi, in her personal capacity, John Does, an undetermined number of law clerks believed to exceed 12 in number to be determined**

---

in discovery, in their personal capacity, and Jane Does, an undetermined number of law clerks believed to exceed 12 in number to be determined in discovery, in their personal capacity, Defendants

No. CIV.A.01–11381–REK.

United States District Court,
D. Massachusetts.

Dec. 26, 2001.

Delbert L. Overton, Bonita Springs, FL, Pro se.

George B. Henderson, II, U.S. Attorneys Office, Boston, MA, for Defendants.

OPINION

KEETON, District Judge.

## I. Introduction

### A. The Complaint

Plaintiff commenced this proceeding by filing, in the United States District Court for the Middle District of Florida, Fort Myers Division, a Complaint naming as defendants

Juan R. Torruella, in his personal capacity, Bruce M. Selya, in his personal capacity, Conrad K. Cyr, in his personal capacity, Michael Boudin, in his personal capacity, Norman H. Stahl, in his personal capacity, Sandra Lea Lynch, in her personal capacity, Hector M. Laffitte, in his personal capacity, William G. Young, in his personal capacity, D. Brock Hornby, in his personal capacity, Paul J. Barbadoro, in his personal capacity, Steven McAuliffe, in his personal capacity, Mary M. Lisi, in her personal capacity, John Does, an undetermined number of law clerks believed to exceed 12 in number to be determined in discovery, in their personal capacity, and Jane Does, an undetermined number of law clerks believed to exceed 12 in number to be determined in discovery, in their personal capacity.

The case was designated in that court as Case No. F:01–CV–418–FTM–29DNF.

### B. Transfer to the District of Massachusetts

By Order dated August 2, 2001, a judge of the District Court for the Middle District of Florida, Fort Myers Division, transferred the case to this court, where it was filed by the Clerk of this court as Docket No. 1.

### C. Pending Matters

Now before this court for decision are the following:

(1) Plaintiff's Motion for Transfer of Venue (not filed and not docketed in this court but apparently served upon defense counsel);

(2) Defendants' Motion to Dismiss (Docket No. 2, filed November 19, 2001) with Memorandum in Support (Docket No. 3, filed November 19, 2001);

(3) Defendants' Opposition to Plaintiff's Motion for Change of Venue (Docket No. 4, filed December 21, 2001).

## II. Venue is Appropriate in the District of Massachusetts

### A. Plaintiff's Claim to Venue in Florida is Insupportable

Plaintiff seeks to have this court transfer this case back to Florida. That is not possible for several independently sufficient reasons.

First. The record contains no showing that any court in Florida has jurisdiction over the person of any of the defendants. The District Court for the Middle District of Florida, Fort Myers Division, has so decided. *See* Part I.B. of this opinion, above. This court lacks authority to overturn that decision. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) ("the policies supporting the [law of the case] doctrine apply with even greater force to transfer decisions than do deci-

sions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation"); *accord Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162, 169 (3d Cir.1982); *Breed Technologies, Inc. v. Allied Signal, Inc.,* 128 F.Supp.2d 743, 746 (D.Del.2001).

Second. On the record now existing, this court would reach the same decision on the ground of lack of a showing of jurisdiction over the person of any defendant, even if not bound by the previous decision of the court in which this civil action was filed.

For these indisputable reasons, this court need not and does not examine the several additional grounds of Defendants' Opposition to Plaintiff's Motion for Change of Venue. That motion is denied in the Order below.

### III. Grounds Asserted in the Motion to Dismiss

After addressing the "Standard of Review" in Part A of their argument, defendants identify as allegedly independently sufficient reasons for dismissal the following grounds:

B. The Plaintiff Lacks Article III Standing

C. The Plaintiff's Claims Are Barred by Immunity

D. The Plaintiff's Claims Are Barred by 28 U.S.C. § 372(c)(10)

E. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted

 1. Count I Fails to State the Elements of a RICO Violation

 2. Count II of the Complaint Fails to State a Valid *Bivens* Claim

 3. There is No Private Right of Action for Damages Under 18 U.S.C. § 242

In explanation of Ground B, defendants argue:

> Article III of the United States Constitution limits a federal court's jurisdiction to justiciable cases or controversies. *See Allen v. Wright,* 468 U.S. 737, 750–51, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). To establish a standing to sue, a plaintiff must show that a justiciable issue exists and that he has a sufficiently personal stake in it. *Becker v. Federal Election Commission,* 230 F.3d 381, 384–85 (1st Cir.2000). "The basic requirements for Article III standing are that the petitioner is someone who has suffered or is threatened by injury in fact to a cognizable interest, that the injury is causally connected to the defendant's action, and that it can be abated by a remedy the court is competent to give." *Save Our Heritage, Inc. v. Federal Aviation Administration,* 269 F.3d 49, [55] (1st Cir.2001); *see Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The plaintiff bears the burden of establishing his standing to sue. *Id.* at 561, 112 S.Ct. 2130.
>
> The complaint fails to allege any facts suggesting that the plaintiff has suffered any injury at all, much less one causally connected to the decisions of the Judicial Council. The plaintiff does not allege that he was a party to a case having some relation to the Judicial Council decisions. There is no allegation that the plaintiff was an attorney whose practice was affected by any particular judicial conduct at issue in the Judicial Council decisions. Since a purely intellectual interest in an issue, no matter how sincere, will not suffice to establish an injury that is both "concrete and particularized," *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), the plaintiff may not maintain this action. Accordingly, it should be dismissed.

Docket No. 3 at 4–5 (footnote omitted).

In explanation of Ground C, defendants argue:

It is a well established principle of law that a judge enjoys absolute immunity from suit for money damages for actions taken in his or her judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989); *See Bettencourt v. Bd. of Reg. In Med.,* 904 F.2d 772, 782 (1st Cir.1990); *Decker v. Hillsborough County Atty.'s,* 845 F.2d 17, 21 (1st Cir.1988); *Malachowski v. City of Keene,* 787 F.2d 704, 710 (1st Cir.1986).

The Supreme Court has recognized only two situations in which judicial immunity can be overcome. First, a judge is not immune from liability for "actions not taken in the judge's judicial capacity." *Id.* "[W]hether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *see also Cleavinger v. Saxner,* 474 U.S. 193, 201–202, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). Second, a judge does not enjoy immunity for actions taken in the complete absence of jurisdiction. *Mireles,* 502 U.S. at 11–12, 112 S.Ct. 286, citing *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *see also Bradley. v. Fisher,* 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871). Neither exception applies in this case.

The actions alleged in the complaint were "judicial." They were taken by the members of the Judicial Council in their judicial capacities and pursuant to the jurisdiction conferred upon them by 28 U.S.C. § 372(c). The complaint indicates that the defendants were each members of the Judicial Council, and it alleges that the defendants acted in their capacities as such. *E.g.,* Complaint ¶¶ 38, 41, 46. The disposition of the various petitions, was "a function normally performed by a judge," since, by law, the members of the Judicial Council must be Article III judges, 28 U.S.C. § 332(a)(1). The Judicial Council is expressly empowered by law to pass judgment on complaints of judicial misconduct, and to thereby withhold or impose disciplinary measures in response to a complaint. 28 U.S.C. § 372(c)(6). This function is a form of adjudication and therefore falls within the scope of functions protected by absolute immunity. *See Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 435–36, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993); *see also Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871) (absolute immunity applies to disbarring of attorney without first affording the lawyer an opportunity to be heard); *Partington v. Gedan,* 961 F.2d 852, 866–67 (9th Cir.1992) (interpreting and enforcing state bar disciplinary rules are "judicial" functions); *Sparks v. Character & Fitness Comm.,* 859 F.2d 428 (6th Cir.1988) (denying an application for admission to a state bar is "judicial" in nature); *LaNave v. Minnesota Sup.Ct.,* 915 F.2d 386, 387 (8th Cir.1990) (same). The plaintiff could only have expected, when he filed his section 372(c)(1) petitions, to "deal[ ] with the judge in his judicial capacity." *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Moreover, the jurisdiction of the defendants to act on the petitions can hardly be questioned. The complaint acknowledges that such actions are taken pursuant to 28 U.S.C. § 372(c)(1),

Complaint ¶ 18, and there can be little doubt that the statute confers jurisdiction for such actions. Therefore, neither exception to judicial immunity applies here.

Judicial immunity cannot be avoided by the simple expedient of alleging a RICO violation. While judges do not enjoy immunity from criminal liability, *O'Shea v. Littleton,* 414 U.S. 488, 503, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), this does not mean that *civil* plaintiffs can recover from a judge under RICO. Federal courts "have proceeded on the assumption that common-law principles of legislative and judicial immunity were incorporated into our judicial system and that they should not be abrogated absent clear legislative intent to do so." *Pulliam v. Allen,* 466 U.S. 522, 529, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). There is no indication that in enacting RICO Congress intended to give civil plaintiffs a remedy not available to those who sue judges under the common law. The complaint must therefore be dismissed on the ground that it is barred by absolute judicial immunity.

Even if absolute immunity were not available in this case, the suit would be subject to dismissal on the basis of qualified immunity. *See generally Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The complaint does not allege facts which, if taken as true, show that the defendants violated " 'clearly established' statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. 2727; *see Castro–Aponte v. Ligia–Rubero, etc., et al.,* 953 F.2d 1429, 1430 (1st Cir.1992).

*Id.* at 5–9 (footnotes omitted).

In explanation of Ground D, defendants argue:

Section 372(c)(10) establishes a limited right of further review of a complaint of judicial misconduct. A complainant aggrieved by an order or determination of the chief judge under section 372(c)(2) may petition the judicial council for review. A person aggrieved by a decision of the judicial council may petition for review by the Judicial Conference of the United States. Subsection (c)(10) expressly precludes all further review:

> Except as expressly provided in this paragraph, all orders and determinations, including denials of petitions for review, shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise.

28 U.S.C. § 372(10). This statute has been construed to preclude judicial review of challenges to the constitutionality of the statute as applied. *McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of Jud. Conf. of the U.S.,* 264 F.3d 52, 54 (D.C.Cir. 2001).

It is apparent from the complaint that the plaintiff disagrees with the decisions of the Judicial Council dismissing his petitions for review. He does not appear to challenge the constitutionality of the statute; rather, he believes the petitions referenced in the complaint should not have been dismissed and that the erroneous dismissals violated his legal rights. His remedy is to petition the Judicial Conference of the United States. There is no allegation that he did so. He should not be permitted to evade the mandate of subsection (c)(10) by couching his grievance to assert claims under the Fifth Amendment, RICO, or the criminal statute at 18 U.S.C. § 242. To rule otherwise would create a gaping hole in the statutory bar. Accordingly, judicial review of the

plaintiff's complaint is prohibited by 28 U.S.C. § 372(c)(10).

*Id.* at 9–10.

In explanation of the several parts of Ground E defendants argue:

> Each of the three counts of the complaint fails to state a claim upon which relief can be granted. Although a court should liberally construe a complaint filed by a *pro se* litigant, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a *pro se* litigant must still allege facts that establish all the elements of his claim. *Chongris v. Bd. of App.,* 811 F.2d 36 (1st Cir.1987). Here, the plaintiff's complaint consists almost entirely of bald assertions and conclusory allegations, unaccompanied by specific facts demonstrating a violation of legal rights.

> 1. *Count I Fails to State the Elements of a RICO Violation*

> "[T]o avert dismissal under Rule 12(b)(6), a civil RICO complaint must, at a bare minimum, state facts sufficient to portray (i) specific instances of racketeering activity within the reach of the RICO statute and (ii) a causal nexus between that activity and the harm alleged." *Miranda v. Ponce Fed. Bank,* 948 F.2d 41, 44 (1st Cir.1991). When RICO violations are alleged, "particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants." *Miranda,* 948 F.2d at 44; *see also Figueroa Ruiz v. Alegria,* 896 F.2d 645, 650 (1st Cir.1990).

> The complaint does not allege the elements needed to establish a cause of action under the RICO statute. It alleges no specific instances in which the defendants engaged in "racketeering activity" within the meaning of the statute, 18 U.S.C. § 1961(1). It merely makes unsubstantiated and conclusory allega-

tions about a "scheme" to "subvert" 28 U.S.C. § 372. The subversion of a statute, however, is not among the predicate crimes identified in 18 U.S.C. § 1961(1). The complaint also fails to allege facts suggesting any causal nexus between the defendants' conduct and any harm. In short, the plaintiff has alleged no facts to support the material elements necessary to sustain a claim under the RICO statute. Hence, the Court should dismiss Count I of plaintiff's complaint pursuant to 12(b)(6) for failure to state a claim.

> 2. *Count II of the Complaint Fails to State a Valid Bivens Claim*

> Count II of the complaint asserts a claim under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging that the defendants violated the plaintiff's constitutional rights. However, the complaint does not describe any conduct from which such a constitutional violation may be inferred. As pointed out above, the only well-pleaded factual allegations of the complaint are that certain complaints and petitions were filed pursuant to 28 U.S.C. § 372(c), and that the Judicial Council disposed of them adversely to the plaintiff (or, in the case of the complaint of Judge Carter, favorably to Judge Carter). The allegations that the defendants violated the plaintiff's constitutional rights are conclusions of law and nothing more. Thus, even if the plaintiff's constitutional claim were not barred by judicial immunity, it would be subject to dismissal under Fed. R.Civ.P. 12(b)(6).

> 3. *There is No Private Right of Action for Damages Under 18 U.S.C. § 242*

> Count III of the complaint alleges an unlawful conspiracy in violation of 18 U.S.C. § 242. Complaint ¶ 76. Howev-

er, an action under this statute can only be initiated by the United States as prosecutor. *See Cok v. Cosentino*, 876 F.2d at 2; *Fiorino v. Turner*, 476 F.Supp. 962, 963 (D.Mass.1979). The statute affords no private right of action for damages. Therefore, with respect to plaintiff's claim under this provision, he has failed to state a claim upon which relief can be granted.

Even if the complaint were construed to assert a common law action for civil conspiracy, it fails to allege the factual predicates needed to state a claim under this theory. As explained above, the complaint contains only conclusory allegations. It is devoid of specific facts showing, for example, a power of coercion over the plaintiff or tortious conduct. *See Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1563–64 (1st Cir.1994) (discussing Massachusetts cases on civil conspiracy).

*Id.* at 10–13 (footnote omitted).

## IV. Disposition

### A. Introduction

■ Plaintiff made no responsive filing of any kind in this court until a date well beyond the time allowed for response to a motion to dismiss. Even when plaintiff filed something, it was not a proper response to the motion to dismiss. Instead, it was a motion to transfer venue back to Florida, which motion, beyond genuine dispute, lacks merit. Thus, it cannot serve as a timely response to the motion to dismiss and plaintiff is in default.

The default of the plaintiff is, in the circumstances of this case, a valid reason for allowing the defendants' motion to dismiss. In order to expedite consideration by a higher court in the event of an appeal, however, I proceed to consider also whether independently of this ground the case is appropriately dismissed on one or more other grounds as well.

■ On a motion to dismiss, the court must read a pro se plaintiff's allegations liberally and apply a less stringent standard to a pro se pleading than to a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nonetheless, pro se plaintiffs must comply with the applicable procedural and substantive rules of law, and dismissal remains appropriate when the court lacks jurisdiction over the claims or the parties and when the complaint fails to even suggest an actionable claim. *See Lefebvre v. Comm'r Internal Rev.*, 830 F.2d 417, 419 (1st Cir.1987).

### B. The Plaintiff Lacks Article III Standing

The jurisdiction of the federal courts is limited by Article III of the United States Constitution. The Supreme Court of the United States has long held that unless a plaintiff seeking relief in federal court has standing within the meaning of Article III, no case or controversy is presented to the court and the court is therefore without jurisdiction over the matter. *See, e.g., Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). The Court has defined standing in the following way:

Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or 'hypothetical.' " Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant,

and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (internal citations and footnote omitted); *see also Save Our Heritage, Inc. v. Federal Aviation Admin.,* 269 F.3d 49, 54 (1st Cir.2001).

 Plaintiff bears the burden of establishing that he has standing to pursue this suit. *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130; *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). Plaintiff has not met this burden. The complaint fails to allege any concrete or particularized harm suffered by plaintiff. Plaintiff is not, for all that appears in the complaint, an attorney or a litigant whose practice or suit was affected by the actions of the Judicial Council. Rather, plaintiff disagrees with the resolution of his petitions by the Judicial Council. Mere disagreement with an authorized decision of the Judicial Council is not an injury within the meaning of Article III.

Even if plaintiff had suffered some injury that was discernible from the complaint, plaintiff's requested relief of $30,000,000 would not fairly redress that injury. Money damages might serve to discourage the Judicial Council from acting in an abstract sense, but damages would not result in a reconsideration of plaintiffs petitions. This court is without authority to order the Judicial Council to reconsider the petitions in any event. *See Cunningham v. Becker,* 96 F.Supp.2d 369 (D.Del.2000); *see also* Part IV.D. of this opinion, below. The complaint is DISMISSED because plaintiff lacks standing; additional reasons for dismissal are stated below.

## C. The Plaintiff's Claims Are Barred by Immunity

In *Mireles v. Waco,* the Supreme Court defined the limits of judicial immunity in the following way:

[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson v. Ray,* 386 U.S. at 554, 87 S.Ct. at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). *See also Harlow v. Fitzgerald,* 457 U.S. 800, 815–819, 102 S.Ct. 2727, 2736–2739, 73 L.Ed.2d 396 (1982) (allegations of malice are insufficient to overcome qualified immunity). Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. *Forrester v. White,* 484 U.S. at 227–229, 108 S.Ct. at 544–545; *Stump v. Sparkman,* 435 U.S. at 360, 98 S.Ct. at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.,* at 356–357, 98 S.Ct. at 1104–1105; *Bradley v. Fisher,* [80 U.S. 335, 350–51, 13 Wall. 335 (1871) ].

502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

 The actions taken by each of the defendants in this case were taken within their judicial capacity, notwithstanding the way in which plaintiff styled the caption of the complaint. The Judicial Council and the actions it takes are necessarily judicial.

The statute creating the Council requires that all members be federal judges, and that the judges, in their capacity as Council members, pass judgment on various complaints. *See* 28 U.S.C. §§ 332(a)(1) & 372(c)(6). These actions are thus within the ambit of acts taken in a judge's judicial capacity. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435–36, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993); *see also Bradley v. Fisher*, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871) (absolute immunity applies to disbarring of attorney without first affording the lawyer an opportunity to be heard); *LaNave v. Minnesota Sup.Ct.*, 915 F.2d 386, 387 (8th Cir. 1990) (denying an application for admission to a state bar is judicial in nature); *Sparks v. Character & Fitness Comm.*, 859 F.2d 428 (6th Cir.1988) (same).

Moreover, defendants' jurisdiction over plaintiff's petitions is obvious. Plaintiff acknowledges in his complaint that Congress, in enacting 28 U.S.C. § 372, empowered the Judicial Council to hear petitions "for redress from Judicial Misconduct." Complaint, Docket No. 1, at ¶ 18.

This suit is therefore also barred by the doctrine of judicial immunity, and for that reason alone is subject to dismissal with prejudice.

**D. The Plaintiff's Claims Are Barred by 28 U.S.C. § 372(c)(10)**

The allegations of judicial misconduct that form the basis of the underlying complaints were filed under the terms of the Judicial Conduct and Disability Act of 1980 ("the Act"), 28 U.S.C. § 372(c). Section 372(c) permits any person alleging that a district judge, inter alia, "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts" to file a written complaint with the chief judge of the circuit court of

appeals for the circuit. *Id.* at § 372(c)(1). Upon review of the complaint,

> the chief judge, by written order stating his reasons, may—
>
> (A) dismiss the complaint, if he finds it to be (i) not in conformity with paragraph (1) of this subsection, (ii) directly related to the merits of a decision or procedural ruling, or (iii) frivolous; or
>
> (B) conclude the proceedings if he finds that appropriate corrective action has been taken.

*Id.* at § 372(c)(3). Alternatively, the chief judge may initiate an investigation by appointing a special committee to conduct an investigation and file a written report with the Judicial Council. *See id.* at §§ 372(c)(4)(A), 372(c)(5). In this case, it appears from the complaint that the chief judges each dismissed plaintiff's petitions under subsection (A). It appears that the Judicial Council thereafter also dismissed the petitions after plaintiff requested the Council's review pursuant to 28 U.S.C. § 372(c)(10).

The Act includes a finality clause that "expressly limits the availability of review of orders and determinations made under the Act." *Hastings v. Judicial Conference of the United States*, 770 F.2d 1093, 1096 (C.A.D.C.1985); *see* 28 U.S.C. § 372(c)(10). According to this clause, an individual (whether complainant, judge, or magistrate) aggrieved by a "final order" of the chief judge entered pursuant to § 372(c)(3) may petition the judicial council of the circuit for review. 28 U.S.C. § 372(c)(10); *Hastings*, 770 F.2d at 1096. In this case, plaintiff did petition the Judicial Council of the circuit for review, and the Judicial Council dismissed these petitions.

An individual aggrieved by an "action" of the judicial council taken under the terms of § 372(c)(6) of the Act may petition the Judicial Conference of the United States for review. *See Hastings*, 770 F.2d

at 1096. Aside from these avenues of redress, the finality clause declares that "all orders and determinations, including denials of petitions for review, shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise." *Id.;* 28 U.S.C. § 372(c)(10) Courts that have considered the issue have determined that the clause does not bar judicial review of the constitutionality of the Act itself, but that the clause does preclude judicial review of all claims that do not rise to the level of constitutional challenges. *See McBryde v. Committee to Rev. Circuit Council Conduct & Disability Orders of Jud. Conf. of United States,* 264 F.3d 52, 55 (5th Cir.2001); *Cunningham,* 96 F.Supp.2d at 371–73; *Hastings v. Judicial Conference of the United States,* 593 F.Supp. 1371, 1378 (D.D.C.1984), *aff'd in part and vacated in part,* 770 F.2d 1093 (D.C.Cir.1985).

For these reasons, this court draws the same conclusions as were reached in a recent decision of the United States District Court for the District of Delaware:

> Straightforward application of the statutory language leads this court to conclude that it lacks jurisdiction to consider challenges to "final orders" rendered by a chief judge and actions taken by the Judicial Council in connection with a § 372 proceeding. Persons aggrieved in the course of § 372 proceedings have remedies. Those remedies lie with the Judicial Council and the Judicial Conference of the United States, not with this court.

*Cunningham,* 96 F.Supp.2d at 373.

■ Even reading the complaint broadly, one must conclude that plaintiff does not state any cognizable ground for challenging the constitutionality of the Act. Rather, he alleges a challenge to validity of the decisions reached by the Judicial Council. The appropriate remedy for plaintiff in these circumstances is an appeal to the Judicial Conference of the United States.

## E. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted

### 1. Count I Fails to State the Elements of a RICO Violation

■ A court assessing a claim's sufficiency has no obligation to take the allegations of the complaint on blind faith; "[d]espite the highly deferential reading which [the court] accord[s] a litigant's complaint under Rule 12(b)(6), [the court] need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990). The Court of Appeals for the First Circuit has said:

> to avert dismissal under Rule 12(b)(6), a civil RICO complaint must, at a bare minimum, state facts sufficient to portray (i) specific instances of racketeering activity within the reach of the RICO statute and (ii) a causal nexus between that activity and the harm alleged.

*Miranda v. Ponce Fed. Bank,* 948 F.2d 41, 44 (1st Cir.1991).

■ In this case, the complaint fails to allege the elements necessary to establish a cause of action under the RICO statute. It fails to allege specific instances of "racketeering activity" within the meaning of RICO. 18 U.S.C. § 1961(1). Rather, the complaint merely suggests that Judge Torruella had hatched a "scheme" to subvert the system established by 28 U.S.C. § 372 for investigating claims of judicial misconduct. As defendants point out, subversion of a statute is not among the dozens of predicate crimes identified in 18 U.S.C. § 1961(1). Moreover, the complaint fails to allege facts that even suggest a causal

connection between the Judicial Council's actions and any harm. (*See* Part IV.B. of this opinion, above, for an explanation that plaintiff lacks standing in part because he has not suffered cognizable harm.) Therefore, the complaint fails to state a RICO claim upon which relief could be granted.

2. Count II of the Complaint Fails to State a Valid *Bivens* Claim

 Count II of the complaint asserts a claim arising under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In order to state a *Bivens* violation, plaintiff must have pled facts that "rise to the level of a constitutional violation." *McMillen v. United States Dept. of Treas.,* 960 F.2d 187, 190 (1st Cir.1991). Plaintiff failed make any such allegations. Plaintiff refers obliquely to the First Amendment as an apparent ground for his filing the petitions, and identifies the Fifth Amendment as his footing for the *Bivens* claim, but does not provide any facts that would support either of these kinds of claims. Therefore, the complaint fails to state a valid *Bivens* action.

3. No Private Right of Action for Damages Exists Under 18 U.S.C. § 242

 Count III of the complaint alleges an unlawful conspiracy in violation of 18 U.S.C. § 242. Title 18 of the United States Code deals with crimes and criminal procedure. Generally, a private citizen has no authority to initiate a federal prosecution. *Keenan v. McGrath,* 328 F.2d 610, 611 (1st Cir.1964). Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242. *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989). Therefore, the complaint fails to state a cause of action under 18 U.S.C. § 242.

## V. Conclusion

For the reasons stated above, the court concludes that this civil action is to be DISMISSED. This conclusion is supported by several independently sufficient grounds: (1) plaintiff failed to respond to defendants' motion to dismiss, and a default judgment should therefore enter; (2) plaintiff lacks Article III standing to maintain this action; (3) plaintiff's claims are barred by judicial immunity; (4) plaintiff's claims are barred by the exclusivity provision of 28 U.S.C. § 372(c)(10); and (5) the complaint fails to state a claim upon which relief may be granted.

Because grounds (1), (3), and (5) are grounds that concern the merits, the judgment will be that the complaint is DISMISSED WITH PREJUDICE rather than only for lack of jurisdiction.

## ·ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Motion for Change of Venue is DENIED.

(2) Defendants' Motion to Dismiss (Docket No. 2) is ALLOWED.

(3) The clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

For the reasons stated in the Opinion of December 26, 2001, it is ORDERED:

This Civil Action is DISMISSED WITH PREJUDICE and with costs awarded to defendants.