FERNANDO HERNANDEZ, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 36859

June 14, 2001                                    24 P.3d 767

*JoNell Thomas,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Fernando Hernandez has moved for leave to file a 124-page opening brief[1] in this direct appeal from a judgment of conviction and sentence of death. As explained below, we deny the motion, but grant Hernandez permission to file an opening brief of not more than 80 pages.

### FACTS

In September 2000, appellant Fernando Hernandez was convicted of first-degree murder and sentenced to death for killing his ex-wife in the presence of their young daughter. Hernandez moves to file a 124-page opening brief. The proposed brief enumerates a total of 48 issues and subissues as grounds for relief.

Hernandez's counsel provides an affidavit which states in part:

> Pursuant to the federal Anti-terrorism and Effective Death Penalty Act, and this Court's Rule 250, I believe that it is my

---

[1]For the purposes of this opinion, we do not count pages 125 and 126 of the brief, which set forth the certificate of compliance with the Nevada Rules of Appellate Procedure and the certificate of service.

obligation to raise every issue of arguable merit in this brief. Moreover, because of the possibility of federal habeas review in future proceedings, it was necessary to address both state and federal law concerning each of these issues. It was not possible to adequately raise the issues presented within the page [limit] prescribed by this Court's rules.

## DISCUSSION

We conclude that the instant motion should be denied. The proposed brief is so long that it does not meet counsel's duty to submit a cogent, effective brief which will best serve the interests of her client.

Without reference to any specific provisions, counsel cites the federal Antiterrorism and Effective Death Penalty Act of 1996 and this court's SCR 250 for her belief that she is obligated ''to raise every issue of arguable merit.'' Most assuredly, however, it is not counsel's obligation to present every nonfrivolous claim. SCR 250 does not impose such a duty, nor, we are confident, does the federal statute. On the contrary, the United States Supreme Court warns that a brief that ''raises every colorable issue runs the risk of burying good arguments''[2] and has explicitly held that appellate counsel ''need not (*and should not*) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.''[3]

The Supreme Court discussed this point at some length in *Jones v. Barnes*. ''Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.''[4] '' 'Legal contentions, like the currency, depreciate through over-issue. ˙. . . [M]ultiplying assignments of error will dilute and weaken a good case and will not save a bad one.' ''[5] Attempting '' 'to deal with a great many [issues] in the limited number of pages allowed for briefs will mean that none may receive adequate attention.' ''[6]

The Ninth Circuit has further explained that

---

[2]*Jones v. Barnes,* 463 U.S. 745, 753 (1983).

[3]*Smith v. Robbins,* 528 U.S. 259, 288 (2000) (emphasis added).

[4]*Jones,* 463 U.S. at 751-52.

[5]*Id.* at 752 (quoting Jackson, *Advocacy Before the United States Supreme Court,* 25 Temple L. Q. 115, 119 (1951)).

[6]*Id.* at 752 (quoting R. Stern, *Appellate Practice in the United States* 266 (1981)). *See also Kirksey v. State,* 112 Nev. 980, 998, 923 P.2d 1102, 1113 (1996); *Ford v. State,* 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. Like other mortals, appellate judges have a finite supply of time and trust; every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court. For these reasons, a lawyer who throws in every arguable point—"just in case"—is likely to serve her client less effectively than one who concentrates solely on the strong arguments.[7]

We detect an unfortunate conflict between *the interests of the client, which often call for selectivity,* and the interests of counsel, which may be best served by including every conceivable issue and thereby avoiding a claim that she incompetently omitted an argument. We must rely on the professionalism of appellate counsel *to resolve such conflicts in favor of the client.*[8]

Omitting weaker issues, of course, is not the only option available to appellate counsel for shortening and improving briefs. We do not presume to instruct counsel here on the specifics of revising the proposed brief, but we offer some advice generally to her and the appellate bar of this state on the topic.

The statement of the case should "indicate *briefly* the nature of the case, the course of proceedings, and its disposition in the court below."[9] This is not a procedural history; the only pertinent "course of proceedings" is that which brings the case before this court. Other procedural facts, if relevant, belong in the statement of facts. The statement of facts, of course, should present only facts which are material in light of the issues. Unessential details and repetitive recitations should be eliminated. Counsel must also be selective in citing authorities. A single governing statute may be all the support needed to establish a point. A string cite of cases is only occasionally warranted; reliance on one or two cases is more often appropriate and more effective, if they are shown to be apposite and controlling or at least persuasive. We appreciate that appellate counsel sometimes consider it necessary to raise a claim in a criminal appeal, despite contrary controlling decisions by this court, in order to exhaust state remedies and preserve the claim for federal habeas review. However, this merely requires an

---

[7]*Miller v. Keeney,* 882 F.2d 1428, 1434 (9th Cir. 1989) (citations and footnote omitted).

[8]*Id.* at 1434 n.11 (emphasis added).

[9]NRAP 28(a)(3) (emphasis added).

appellant to provide this court "with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."[10] The key is to make a federal constitutional claim explicit and clear; exhaustion does not require an extended or elaborate argument.

To sum up, as long as no critical issue or fact is omitted, a shorter brief provides more effective advocacy than a longer one. A reasonable limit on the length of appellate briefs is also necessary for the functioning of this court and is consistent with due process. "[P]age limits, as well as other restrictions on litigants, are ordinary practices employed by courts to assist in the efficient management of the cases before them."[11] Due process requires a criminal appeals system to provide "each defendant a fair opportunity to obtain an adjudication on the merits of his appeal."[12] This court has held that the 10-page limit on briefs in fast track criminal appeals subject to NRAP 3C satisfies this requirement as well as the state constitutional right to appeal felony convictions.[13]

The Fourth Circuit held that a 50-page limit on a brief filed by a capital defendant on direct appeal did not constitute cause for procedural default.[14] The court explained that the page limit "merely limited the manner in which [appellant] could present his arguments; it did not wholly prevent him from presenting them."[15] "While the page limitation may have led [appellant's] counsel to make certain strategic choices as to which arguments to include and which to omit, the page limitation is reasonable."[16]

NRAP 28(g) provides: "Except by permission of the court, briefs shall not exceed 30 pages, exclusive of pages containing the table of contents, tables of citations and any addendum containing statutes, rules, regulations, etc." As the rule indicates, we are aware of the need for briefs longer than 30 pages in some cases, for example, this one, which is a direct appeal from a conviction

---

[10]*Anderson v. Harless,* 459 U.S. 4, 6 (1982).

[11]*Cunningham v. Becker,* 96 F. Supp. 2d 369, 374 (D. Del. 2000) (holding that 5-page limit on judicial misconduct complaints comported with due process); *accord Watts v. Thompson,* 116 F.3d 220, 224 (7th Cir. 1997) (holding that state supreme court's refusal to waive 50-page limit on brief did not violate due process).

[12]*Evitts v. Lucey,* 469 U.S. 387, 405 (1985).

[13]*See Wood v. State,* 115 Nev. 344, 351-52, 990 P.2d 786, 790-91 (1999); NRAP 3C(e)(1) and (f)(1).

[14]*Weeks v. Angelone,* 176 F.3d 249, 271-72 (4th Cir. 1999), *aff'd,* 528 U.S. 225 (2000).

[15]*Id.* at 271.

[16]*Id.* at 272; *accord Mueller v. Angelone,* 181 F.3d 557, 585 (4th Cir.), *cert. denied,* 527 U.S. 1065 (1999); *Cunningham,* 96 F. Supp. 2d at 374.

of first-degree murder and a sentence of death. At the same time, as explained above, there must remain reasonable limits. Based on our review of the proposed brief and given this court's experience with other opening briefs of comparable length in a handful of cases similar to this one, we are convinced that it is so excessively long that it would render a disservice to Hernandez by obscuring potentially good claims.

## CONCLUSION

Therefore, we deny appellant's motion and direct the clerk of the court to return unfiled the opening brief submitted to this court on April 25, 2001. Given the seriousness and complexity of this appeal, we grant Hernandez permission to file an opening brief of not more than 80 pages. We conclude that this will provide him ample and fair opportunity to obtain an adjudication on the merits of his appeal. We further direct that the State may file an answering brief of not more than 80 pages. Hernandez shall have 30 days from the date of this opinion to file and serve his opening brief. Upon the service of that brief, further briefing shall proceed in accordance with SCR 250(6)(d).