OPINION

Per Curiam:

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. For the reasons *665 stated below, we remove attorney Robert Bruce Lindsay as appellant David Middleton’s post-conviction counsel, vacate the district court order denying Middleton’s habeas corpus petition, and remand this appeal with instructions to appoint new counsel to represent Middleton and reinitiate post-conviction proceedings in the district court.

FACTS

Appellant David Middleton was convicted, pursuant to a jury verdict, of two counts of first-degree murder, in addition to other crimes, for the deaths of Katherine Powell and Thelma Davila and was sentenced to death. This court affirmed his conviction and death sentences on direct appeal.[1]
Middleton originally filed a post-conviction habeas corpus petition in the district court in May 1999. About three months later, the district court appointed Washoe County Public Defenders Mary Lou Wilson and John Calvert to represent him.[2] In May 2000 the district court removed Wilson and Calvert as Middleton’s counsel due to a perceived conflict of interest.[3] The district court then appointed attorneys Robert Bruce Lindsay and Ian Silverberg to represent Middleton; it later ordered the documents Middleton filed prior to the appointment of counsel withdrawn and an amended petition to be filed. Although one year and seven months had passed since their appointment, Lindsay and Silverberg informed the district court during a hearing in December 2001 that they had not had enough time to work on the petition. After several hearings and missed deadlines, in March 2002 Lindsay and Silverberg filed a 305-page supplemental petition on Middleton’s behalf.
At the outset of a two-day evidentiary hearing in June 2002, the district court summarily dismissed most of the claims raised in the petition. In November 2002 the district court issued a preliminary order denying Middleton relief on the remaining claims and in January 2003 issued a final order denying Middleton all relief. Lindsay then took on the sole representation of Middleton on appeal to this court.
After six orders from this court directing Lindsay to file an overdue opening brief, he finally submitted an 88-page opening brief on December 23, 2003. We then issued an order on Jan *666 uary 21, 2004, directing Lindsay to file an amended brief of not more than 80 pages.[4] Our order also noted that the submitted brief suggested that Lindsay “may misapprehend this court’s rules and case law governing the content, form, and citation requirements of briefs and appendices in post-conviction capital cases.’ ’ Thus, to avoid further delay, we reviewed some of the pertinent law. Among other things, we noted that Lindsay asserted in the brief that this court’s decision in State v. Haberstroh[5] had constrained him to limit the appendix. We therefore specifically advised Lindsay that “Haberstroh should not be read to deter appendices containing relevant materials referenced in appellant’s brief or that may be helpful to this court’s understanding of the nature of the case and issues presented.” We explained:
In Haberstroh, the briefs did not contain a single citation to any page in 22 volumes of the 52-volume appendix submitted in that case. Thus, a large portion of the lengthy appendix in Haberstroh was never cited in the briefs and was wholly unnecessary to this court’s understanding or resolution of the appeal.
On February 10, 2004, Lindsay submitted an opening brief of exactly 80 pages, which was filed the next day. This court later discovered that the “amended” opening brief was simply the original submitted brief with the final eight pages excised.

DISCUSSION

“This court places the highest priority on diligence in the discharge of professional responsibility in capital cases.”[6] Capital cases are distinguishable from other criminal cases not only by the severity of sentence given to the defendant but also by the often-lengthy proceedings and complex issues that such a sentence entails.[7] This court recognizes the unique burdens placed upon defense counsel who represent capital defendants.[8] Yet such counsel contribute vitality to this court’s deliberative process and assist this *667 court in ensuring that capital cases receive a “just and expeditious final disposition.”[9]
The highest standards of competence and diligence are expected of capital defense counsel in all stages of the criminal proceedings.[10] When these standards are not met and the interests of justice demand, this court must exercise its inherent authority to sua sponte remove counsel from representing a capital defendant.[11] Unfortunately, such is the case here.
Lindsay has repeatedly violated this court’s orders and procedural deadlines. And despite these violations and the generous amount of time afforded Lindsay within which to complete and file his opening brief and appendix, the work product he ultimately submitted was wholly substandard and unacceptable.
The rules governing the proper format for briefs and appendices filed before this court are generally set forth in NRAP 28 through NRAP 32.[12] Flagrant and pervasive violation of these rules will not be disregarded, especially when instances of such violations impair this court’s ability to meaningfully reach and dispose of the issues raised on appeal. Here, Lindsay’s opening brief and appendix constitute such an instance. His violations of the relevant NRAP provisions in these submissions are of such a magnitude that they must be addressed.
The opening brief submitted by Lindsay was disorganized and often incoherent. Throughout the brief were multiple pages of single-spaced citation to case law with little or no factual analysis or support.[13] Compounding these deficiencies were improper legal citations, typographical errors, and arguments with no discernable beginning or end.
Most notable, however, was Lindsay’s response to this court’s January 21, 2004, order. Despite this court’s explicit directives, Lindsay maintained his incorrect reading of Haberstroh and failed to include a complete and relevant statement of facts in his open *668 ing brief.[14] And no supporting citations to the multiple appendices were provided.[15] To comply with the 80-page limit, Lindsay made no effort to amend the opening brief and chose instead to tear out the final eight pages, abruptly ending the discussion of one issue and completely omitting any discussion of four other issues listed in the brief’s table of contents.
The 11-volume appendix filed by Lindsay was also inadequate. Lindsay failed to include numerous documents and portions of the district court proceedings that appear essential to addressing the claims he raised.[16] Other documents he included were incomplete, unsigned, marked up with personal notes, or not stamped by the district court.
These multiple NRAP violations evince a clear disregard by Lindsay for this court, the rules governing the practice of attorneys before it, and most important, the obligations incumbent upon him as counsel for a client facing a death sentence. If Lindsay was physically or mentally unable to diligently submit a competent work product, then it was his obligation to withdraw as Middleton’s counsel.[17] His failure to do so has now fatally impaired this court’s ability to achieve a meaningful disposition of Middleton’s appeal and has eroded this court’s confidence in Lindsay’s representation of Middleton in the proceedings before the district court below.
SCR 250(2)(d) provides that counsel appointed to represent a capital defendant in a post-conviction appeal must be “capable and competent to represent the appellant.’ ’ Lindsay’s performance in this appeal falls far short of this requirement, and we are therefore compelled to sua sponte remove him as Middleton’s post-conviction appellate counsel. We further prohibit Lindsay from practicing before this court in any future cases without this court’s express prior authorization,[18] and we refer him to the State Bar of Nevada for disability or disciplinary proceedings regarding his performance.[19]

*669
CONCLUSION

Middleton must be afforded his statutory right to litigate his post-conviction claims with the assistance of competent and diligent counsel. Therefore, we remove Lindsay as counsel, vacate the district court order denying Middleton’s habeas corpus petition, and remand. We instruct the district court to appoint new post-conviction counsel to represent Middleton. New counsel shall review the prior petitions filed below and revise the pleadings as he or she sees fit in a supplementary petition. The district court shall take appropriate, reasonable steps to expedite the proceedings.

See Middleton v. State, 114 Nev. 1089, 968 P.2d 296 (1998); see also Sheriff v. Middleton, 112 Nev. 956, 921 P.2d 282 (1996).

See NRS 34.820(1) (requiring the appointment of counsel for a capital defendant’s first post-conviction habeas corpus petition).

Because the Washoe County Public Defender represented Middleton in his direct appeal and because post-conviction claims respecting that representation may again be presented below, the Washoe County Public Defender should not be appointed as Middleton’s new post-conviction counsel.

See Hernandez v. State, 117 Nev. 463, 468, 24 P.3d 767, 770 (2001) (providing that an 80-page limit provides a capital appellant with an “ample and fair opportunity to obtain an adjudication on the merits”); cf. NRAP 28(g) (providing that the length of appellate briefs shall not exceed 30 pages without this court’s permission).

 119 Nev. 173, 69 P.3d 676 (2003).

SCR 250(1).

See Gardner v. Florida, 430 U.S. 349, 357 (1977) (plurality opinion) (recognizing that death is a different kind of punishment from any other).

See Young v. District Court, 107 Nev. 642, 644, 818 P.2d 844, 845 (1991) (recognizing “the necessary latitude defense counsel must have in representing criminal defendants, especially in capital cases”).

See SCR 250(1).

See SCR 250; see also SCR 151 (“A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.”); SCR 153 (“A lawyer shall act with reasonable diligence and promptness in representing a client.”).

See generally Young, 107 Nev. at 646-47, 818 P.2d at 846-47; SCR 39.

See SCR 250(7)(c).

See NRAP 32(a) (“Except for quotations and footnotes, the lines [of a brief] shall be double-spaced.”).

See NRAP 28(a)(3) (providing that a brief must contain “a statement of the facts relevant to the issues presented for review”); see also Collins v. Murphy, 113 Nev. 1380, 1385, 951 P.2d 598, 601 (1997).

See NRAP 28(e) (“Every assertion in briefs regarding matters in the record shall be supported by a reference to the page of the transcript or appendix where the matter relied on is to be found.”).

See NRAP 30(b)(3) (providing that an appellant’s appendix must include “portions of the record essential to determination of issues raised” on appeal); see also NRAP 30(b)(2).

See SCR 166(1)(b).

See SCR 99; see also NRAP 28A. Lindsay may continue as counsel for the appellants in two cases presently pending before this court: White v. State, Docket No. 43223, and Fiel v. State, Docket No. 43709.

See SCR 104.