DAVID SALETTA, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 52428

July 7, 2011                                         254 P.3d 111

*Diane R. Crow*, State Public Defender, and *Kerry Zachariasen Malone*, Deputy State Public Defender, Carson City, for Appellant.

*Catherine Cortez Mastro*, Attorney General, Carson City; *Daniel M. Hooge*, District Attorney, Lincoln County, for Respondent.

Before SAITTA, HARDESTY and PARRAGUIRRE, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

In this appeal, we consider whether the district court, in conducting a jury poll after a jury has published its verdict, may continue to poll the jury after a juror has retreated from the published verdict and whether the district court may question a dissenting juror regarding his or her reasons for retreating from the verdict. We hold that NRS 175.531 allows the district court some discretion

in its polling method, the district court's polling method is reviewed for an abuse of discretion, and it will constitute reversible error if the totality of the circumstances indicate that the polling method was coercive. To this end, we adopt the three factors that the Second Circuit Court of Appeals identified in *United States v. Gambino*, 951 F.2d 498, 501-02 (2d Cir. 1991), for evaluating the coerciveness of a polling method: (1) whether counsel objected to the polling, (2) whether the district court gave a cautionary instruction to the jury before excusing the jury for further deliberation, and (3) the amount of time that it took the jury to reach a verdict after deliberation resumed. We further hold that NRS 175.531 limits the district court's options for addressing a non-unanimous jury poll and prohibits the district court from questioning jurors regarding their reasons for retreating from the verdict. We conclude that although the district court's polling method was not coercive and the district court did not abuse its discretion by continuing to poll the jury after a juror retreated from the verdict, the district court erred by questioning the dissenting juror, the error was plain, and it affected appellant David Saletta's substantial rights. Accordingly, we reverse the judgment of conviction and remand for further proceedings.[1]

## FACTS

Saletta was charged with indecent or obscene exposure. The State presented testimony that Saletta exposed his penis to a convenience store clerk while standing in a parking lot, and Saletta presented testimony that he was urinating and did not intentionally expose himself. Following a very short deliberation, the jury returned a guilty verdict.

After the verdict was published and in response to Saletta's request for a jury poll, the district court polled the jury. The first six jurors affirmed the verdict, but the seventh juror dissented from the verdict. The district court continued its poll, and the remaining jurors affirmed the verdict. Confronted with a non-unanimous jury poll, the district court excused all but the seventh juror and ordered

---

[1]Saletta contends that insufficient evidence supports his conviction; however, this claim lacks merit because the evidence when viewed in the light most favorable to the State is sufficient to establish his guilt beyond a reasonable doubt as determined by a rational trier of fact. *See* NRS 201.220; *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see generally State v. Castaneda*, 126 Nev. 478, 245 P.3d 550 (2010) (applying common law definitions to NRS 201.220). Saletta also contends that the district court committed plain error by (1) failing to instruct the jury pursuant to *Allen v. United States*, 164 U.S. 492 (1896); (2) reusing the completed-but-repudiated verdict form; and (3) admitting irrelevant and prejudicial evidence. And Saletta further contends the sex offender registration statutes that were in effect at the time of his offense are ambiguous. In light of our decision to reverse the judgment of conviction, we decline to review these arguments.

an evidentiary hearing. The seventh juror was sworn in and examined by the State, Saletta, and the district court. The juror was asked why she was having "second thoughts," whether she had enough time to deliberate, if she was coerced, when she changed her vote, and whether further deliberation would change her mind. The State moved to disqualify the seventh juror and use an alternate juror, and Saletta moved for a mistrial based on the seventh juror's testimony. During a recess, the district court became aware of Nevada's jury polling statute, NRS 175.531, determined that further deliberation was appropriate, and denied both motions. The jury received additional instructions, was ordered to resume deliberation, and again returned a guilty verdict. A subsequent jury poll revealed that the verdict was unanimous.

The district court sentenced Saletta to serve six months in the county jail and ordered him to register as a sex offender pursuant to NRS Chapter 179D.

## DISCUSSION

The primary issues raised in this appeal are whether the district court erred by continuing to poll the jury after the seventh juror disagreed with the verdict and questioning the seventh juror about her reasons for changing her mind.

### Continuing the poll

Relying on *United States v. Spitz*, 696 F.2d 916 (11th Cir. 1983), Saletta contends that the district court should have stopped the jury poll as soon as the lack of unanimity was revealed and its failure to do so was per se reversible error. We disagree.

In Nevada, jury polling is governed by NRS 175.531. The statute authorizes the trial court to poll the jury and provides that if the poll does not show unanimous concurrence in the verdict, the court may direct the jury to continue its deliberation or discharge the jury. We have not previously addressed the issue of whether a district court must stop polling once a juror has dissented from the verdict. However, several federal circuit courts of appeal have addressed this issue in the context of Federal Rule of Criminal Procedure 31(d), and, because NRS 175.531 is substantially similar to Rule 31(d),[2] we look to these courts for guidance. Of the six cir-

---

[2]*Compare* Fed. R. Crim. P. 31(d) ("After a verdict is returned but before the jury is discharged, the court must on a party's request, or may on its own, poll the jurors individually. If the poll reveals a lack of unanimity, the court may direct the jury to deliberate further or may declare a mistrial and discharge the jury.") *with* NRS 175.531 ("When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberation or may be discharged.").

cuit courts that have considered the issue of whether continuing to poll the jury after a juror has dissented constitutes per se reversible error, one has concluded that it does, *Spitz*, 696 F.2d at 917-18, and five have concluded that it does not, *Lyell v. Renico*, 470 F.3d 1177, 1182-85 (6th Cir. 2006); *Gambino*, 951 F.2d at 502; *U.S. v. Fiorilla*, 850 F.2d 172, 174 (3d Cir. 1988); *Amos v. United States*, 496 F.2d 1269, 1272-73 (8th Cir. 1974); *United States v. Brooks*, 420 F.2d 1350, 1354 (D.C. Cir. 1969).

In *Spitz*, the Eleventh Circuit determined that continuing to poll a jury after a juror dissented from the verdict had the effect of establishing where the jury stands numerically and held that continuing the poll is per se reversible error. 696 F.2d at 917. The court relied on *Brasfield v. United States*, 272 U.S. 448 (1926), wherein the Supreme Court addressed a trial court's decision to recall a jury from deliberation to inquire about its numerical division, *id.* at 449, and held that such an inquiry constitutes per se reversible error because it serves no useful purpose, has a tendency to be coercive, and can rarely be conducted without imposing an improper influence upon the jury, *id.* at 450.

The Second Circuit has rejected *Spitz*'s conclusion that *Brasfield* requires reversal when a judge continues to poll the jury after a juror has dissented from the verdict. *Gambino*, 951 F.2d at 502. The Second Circuit noted that other circuit courts had interpreted Rule 31(d) as leaving the jury polling method to the discretion of the trial court, determined that proper deference should be given to the trial court's exercise of that discretion, and suggested factors to consider when assessing whether a polling method is coercive. *Id.* at 501-02. The Second Circuit specifically identified three factors that should be considered when assessing whether a polling method is coercive: (1) whether counsel objected to the polling, (2) whether the district court gave a cautionary instruction to the jury before excusing the jury for further deliberation, and (3) the amount of time that it took the jury to reach a verdict after deliberation resumed. *Id.* Other courts considering this issue have also distinguished *Brasfield* and held that the trial court has discretion to continue polling so long as its polling method is not coercive. *Lyell*, 470 F.3d at 1182-85; *Fiorilla*, 850 F.2d at 174-77; *Amos*, 496 F.2d at 1272-73; *Brooks*, 420 F.2d at 1353-54.

We are persuaded by the Second Circuit's analysis that the district court has discretion to continue polling the jury after a juror has dissented from the verdict so long as the polling method is not coercive. Like Rule 31(d), NRS 175.531 gives the district court the discretion to discharge a non-unanimous jury or direct the

jury to continue deliberating. To give effect to this discretion, NRS 175.531 must be interpreted to leave "the method of conducting the jury poll to the judge's discretion." *Gambino*, 951 F.2d at 501. Accordingly, we reject *Spitz*'s per se rule as too rigid and inflexible, and we adopt the rule that the district court's method for polling a jury shall be reviewed for an abuse of discretion and will constitute reversible error only if the totality of the circumstances demonstrates that the polling method was coercive.[3] We further adopt the *Gambino* factors for assessing the coerciveness of a polling method.

Here, Saletta did not object when the district court continued to poll the jury. Failure to object generally precludes appellate review. *Rippo v. State*, 113 Nev. 1239, 1259, 946 P.2d 1017, 1030 (1997). However, we have the discretion to review an unpreserved error "if it [is] plain and affected the defendant's substantial rights." *Gallego v. State*, 117 Nev. 348, 365, 23 P.3d 227, 239 (2001); *see* NRS 178.602. "In conducting plain error review, we must examine whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (internal quotation marks omitted). "An error is plain if the error is so unmistakable that it reveals itself by a casual inspection of the record." *Patterson v. State*, 111 Nev. 1525, 1530, 907 P.2d 984, 987 (1995) (internal quotation marks omitted). "[A]t a minimum," the error must be "clear under current law," *Gaxiola v. State*, 121 Nev. 638, 648, 119 P.3d 1225, 1232 (2005) (internal quotation marks omitted), and, "[n]ormally, the defendant must show that an error was prejudicial in order to establish that it affected substantial rights," *Gallego*, 117 Nev. at 365, 23 P.3d at 239.

Applying the *Gambino* factors, we conclude that the continued polling of the jury in this instance was not coercive. Saletta's failure to object to the district court's decision to continue polling the jury suggests the absence of a coercive atmosphere, the jury was told to look at the instructions again before it began further deliberation, and the jury rendered a guilty verdict after deliberating for an additional 36 minutes, which was noticeably longer than the initial deliberation. Given the totality of these circumstances, we conclude that Saletta has not shown that the district court abused

---

[3]We note that this approach is consistent with *White v. State*, 95 Nev. 881, 883-84, 603 P.2d 1063, 1064-65 (1979), where we rejected *Brasfield* and adopted a totality-of-the-circumstances test for determining whether a court's inquiry into the numerical division of a jury during deliberations required reversal.

its discretion by continuing to poll the jury after the seventh juror dissented from the verdict and, therefore, he has not demonstrated error on this issue.

### Questioning the dissenting juror

Saletta contends that the district court erred by allowing the dissenting juror to be questioned during an evidentiary hearing because the questions constituted an undue intrusion into the exclusive deliberative province of the jury. We agree.

NRS 175.531 only provides two options for addressing a nonunanimous jury poll: "the jury may be directed to retire for further deliberation or may be discharged." Nothing in this statute permits the district court to ask dissenting jurors why they disagree with the published verdict. We agree with the Ninth Circuit and other courts that such questioning constitutes "an undue intrusion into the exclusive province of the jury" to reach a verdict and "exerts pressure on [the dissenting] juror to abandon his own view and conform his vote to the verdict as announced." *United States v. Nelson*, 692 F.2d 83, 85 (9th Cir. 1982) (internal quotation marks omitted); *see also United States v. Edwards*, 469 F.2d 1362, 1367 (5th Cir. 1972) ("[W]here a poll indicates a lack of unanimity the trial court must refrain from attempting to extract unanimity by questioning from the bench and must either order the jury to retire for further deliberations or dismiss them."); *United States v. Sexton*, 456 F.2d 961, 966-67 (5th Cir. 1972) ("It is both unwise and undesirable that the Court should enter into an argument with the juror or require an explanation of his change of position. To an even greater degree is it improper to allow counsel to interpose and question the reasons or motives of the juror in changing his mind." (internal quotation marks omitted)); *United States v. Thomas*, 449 F.2d 1177, 1181 (D.C. Cir. 1971) (stating that a trial court invades the province of the jury and dilutes the requirement for a unanimous verdict when its efforts to obtain a jury verdict reach a point where a single juror may have been coerced into surrendering conscientiously entertained views). Accordingly, we hold that NRS 175.531 prohibits the district court from questioning jurors regarding their reasons for dissenting from the published verdict.[4]

Saletta's motion for a mistrial did not preserve this issue for review because the basis for his motion was the seventh juror's

---

[4]Although several courts have determined that the trial court may question a dissenting juror if it is apparent that the juror was confused by the polling questions or the juror's dissent resulted from an inadvertent slip of the tongue, these exceptional circumstances are not present in this case, and we decline to entertain them in this appeal. *See Amos*, 496 F.2d at 1273; *Edwards*, 469 F.2d at 1367-68 n.5; *Williams v. United States*, 419 F.2d 740, 746 (D.C. Cir. 1969).

testimony and not the fact that she was questioned regarding her reasons for dissenting. *See Pantano v. State*, 122 Nev. 782, 795 & n.28, 138 P.3d 477, 485 & n.28 (2006). Nonetheless, we conclude that the district court erred by conducting the evidentiary hearing; the error was plain under existing law because an evidentiary hearing is not a permissible option under NRS 175.531; and the error affected Saletta's substantial rights by culminating in a coercive intrusion into the exclusive province of the jury, which had the effect of depriving Saletta of his Sixth Amendment right to an impartial jury. *See* U.S. Const. amend. VI; *Bishop v. State*, 92 Nev. 510, 515 n.2, 554 P.2d 266, 270 n.2 (1976). Accordingly, we reverse the judgment of conviction.

## CONCLUSION

We conclude that the district court's polling method was not coercive; however, we further conclude that NRS 175.531 prohibited the district court from questioning the dissenting juror regarding her reasons for retreating from the verdict and the district court's examination constituted a coercive intrusion into the exclusive province of the jury that rises to the level of plain error and mandates reversal. Accordingly, we reverse the judgment of conviction and remand this matter for further proceedings consistent with this opinion.

SAITTA and HARDESTY, JJ., concur.