# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| VICTOR ORLANDO CRUZ-GARCIA, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 61952 |
| VICTOR ORLANDO CRUZ-GARCIA A/K/A VICTOR ORLANDO CRUZGARCIA A/K/A JAIME RENE GARCIA-CRUZ, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 67166 |

**FILED**

OCT 2 1 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon and two counts of attempted murder with the use of a deadly weapon (Docket No. 61952), and from a district court order denying appellant's motions for a new trial, to dismiss, for an evidentiary hearing, and to compel and reconstruct the record (Docket No. 67166). Eighth Judicial District Court, Clark County; David B. Barker, Judge.

This case arises from an incident wherein appellant Victor Cruz-Garcia killed Beatrice Alvarez Torres and injured her children, Sergio and Sylvia. The State charged Cruz-Garcia with first-degree murder and two counts of attempted murder. Cruz-Garcia presented an insanity defense; however, the jury found Cruz-Garcia guilty of all charges. Subsequently, Cruz-Garcia discovered that the State failed to

16-33029

disclose evidence regarding a rental payment it made on Sergio and Sylvia's behalf. As a result, Cruz-Garcia filed, *inter alia*, a motion for a new trial, arguing that the payment influenced Sergio and Sylvia's testimony and could have been used to undermine their credibility had it been properly disclosed. The district court denied the motion.

Cruz-Garcia now appeals the judgment of conviction and the district court's order, raising approximately 60 issues and subissues as grounds for relief. However, about half of these arguments were not raised below, and Cruz-Garcia has failed to demonstrate any corresponding plain error. *See Saletta v. State*, 127 Nev. 416, 421, 254 P.3d 111, 114 (2011) (stating that a "[f]ailure to object generally precludes appellate review," but that this court has "the discretion to review an unpreserved error" pursuant to NRS 178.602); *see also Martinorellan v. State*, 131 Nev., Adv. Op. 6, 343 P.3d 590, 593 (2015) (applying the same standard of review for unpreserved constitutional errors). Therefore, we reject these arguments.

We remind defense counsel that an attorney does not have an "obligation to present every nonfrivolous claim," and that "a brief that raises every colorable issue runs the risk of burying good arguments." *Hernandez v. State*, 117 Nev. 463, 465, 24 P.3d 767, 768-69 (2001) (internal quotation marks omitted). "[I]ndeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy," and counsel must keep in mind that "appellate judges have a finite supply of time and trust; every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). Even the United States

Supreme Court has recognized "the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

After reviewing the parties' briefs and the oral argument presented in this matter, we limit our written consideration to what we discern to be Cruz-Garcia's two primary objections: that the district court's insanity instructions were erroneous, and that the discovery of the rental payment warranted a new trial.[1]

*Insanity Instructions*

Cruz-Garcia argues the district court erred in rejecting his proposed jury instruction regarding the State's burden of proof when an insanity defense is raised.[2] We disagree.

"The district court has broad discretion to settle jury instructions." *Davis v. State*, 130 Nev., Adv. Op. 16, 321 P.3d 867, 871 (2014) (internal quotation marks omitted). "We review a district court's

---

[1]We have considered Cruz-Garcia's other assignments of error, including his claim that there was insufficient evidence to support his conviction, and conclude they are without merit.

[2]Cruz-Garcia's proposed instruction reads as follows:

> If the defendant has established that evidence of insanity is present by a preponderance of the evidence, the State must prove beyond a reasonable doubt that the defendant was not insane at the time of the crime. If you find that the State has failed to prove beyond a reasonable doubt that the defendant was not insane at the time of the crime, you must find the defendant not guilty by reason of insanity.

denial of proposed jury instructions for abuse of discretion or judicial error." *Id.* "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason. However, we review whether an instruction was an accurate statement of law de novo." *Id.* (internal quotation marks and citations omitted).

The district court correctly instructed the jury that Cruz-Garcia was presumed sane until the contrary was shown, and that Cruz-Garcia had the burden of proving insanity by a preponderance of the evidence. NRS 174.035(5); *Ybarra v. State*, 100 Nev. 167, 172, 679 P.2d 797, 800 (1984). We have never held that, once the defendant meets this burden, the burden shifts to the State to prove sanity beyond a reasonable doubt. To the contrary, we have repeatedly held that a prosecutor is not required to prove sanity beyond a reasonable doubt when an insanity defense is presented. *Ybarra*, 100 Nev. at 172, 679 P.2d at 800. In addition, the district court properly instructed the jury that the State had to prove every element of the crimes charged beyond a reasonable doubt, including the requisite intent for a first degree murder charge. Therefore, the district court properly rejected Cruz-Garcia's proposed instruction, and we discern no error in the district court's instructions.

*Undisclosed Rental Payment*

Cruz-Garcia argues the district court erred in denying his motion for a new trial based on the undisclosed rental payment the State made for Sergio and Sylvia's benefit, which appellant contends improperly influenced the testimony of Sergio and Sylvia at trial. We disagree.

"The grant or denial of a new trial on [the ground of newly discovered evidence] is within the trial court's discretion and will not be reversed on appeal absent its abuse." *Servin v. State*, 117 Nev. 775, 792,

32 P.3d 1277, 1289 (2001) (alteration in original) (internal quotation marks omitted). The standard for a new trial based on newly discovered evidence is as follows:

> (1) the evidence must be newly discovered; (2) it must be material to the defense; (3) it could not have been discovered and produced for trial even with the exercise of reasonable diligence; (4) it must not be cumulative; (5) it must indicate that a different result is probable on retrial; (6) it must not simply be an attempt to contradict or discredit a former witness; and (7) it must be the best evidence the case admits.

*Hennie v. State*, 114 Nev. 1285, 1290, 968 P.2d 761, 764 (1998) (internal quotation marks omitted). The rental payment is material "if there is a reasonable possibility it would have affected the outcome." *See Lay v. State*, 116 Nev. 1185, 1194, 14 P.3d 1256, 1262 (2000).

Although the State's failure to disclose the rental payment was a violation of the district court's discovery order, and the district court could have issued an appropriate sanction as a result, the district court did not abuse its discretion in concluding that the rental payment was immaterial. The rental payment was made approximately four years prior to the trial, and there is no evidence that multiple payments were made on Sergio and Sylvia's behalf, or that the payment was made with the intent to influence Sergio and Sylvia's testimony. In addition, given the weight of the evidence against Cruz-Garcia, and the fact that "bias on the part of the victims would have been the natural product of having their lives ruined by the Defendant," (internal quotation marks omitted) the district court did not abuse its discretion in finding no reasonable possibility that

the payment's disclosure would have affected the outcome of the trial. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. David B. Barker, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk