# THE SUPREME COURT OF THE STATE OF NEVADA

RALPH LEONE ALEXANDER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70214

**FILED**

OCT 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of five counts of conspiracy to commit robbery, one count of burglary, one count of robbery, four counts of burglary while in possession of a firearm, nine counts of robbery with the use of a deadly weapon, and two counts of attempted robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Following consecutive Las Vegas robberies, which occurred at five locations and spanned a few weeks, the State brought charges against appellant Ralph Alexander. The robberies occurred, in chronological order, at the following locations: Boulder Station Hotel and Casino, Kwik-E Market, Las Vegas Nail Spa, Rainbow Market, and Family Dollar.

The State also charged Tonya Martin, the getaway driver for the robberies, with the same offenses as Alexander. Further, the State brought charges against James Parker in connection with all but the Boulder Station Hotel and Casino robbery. Alexander and Parker were apprehended after attempting to flee the last robbery at Family Dollar.

Pursuant to a guilty plea agreement, Martin testified at Alexander's trial after the district court ruled that the State could ask her leading questions on direct examination. Ultimately, the jury returned

17-33506

guilty verdicts on 22 counts. The district court sentenced Alexander to serve an aggregate prison term of 18-45 years.

On appeal, Alexander argues that the district court erred in permitting the State to ask Martin leading questions on direct examination. Alexander further argues that the evidence was insufficient to support a guilty verdict on the charges relating to the Kwik-E Market, Las Vegas Nail Spa, and Rainbow Market robberies. We disagree with both of Alexander's contentions and conclude that Alexander has failed to demonstrate that permitting the State to ask Martin leading questions constitutes plain error warranting reversal. We also conclude that sufficient evidence exists, independent of accomplice testimony, to support the guilty verdict on the charges relating to the three robberies.

*Alexander has failed to demonstrate plain error*

Alexander contends that by allowing the State to ask Martin leading questions on direct examination, this error deprived his constitutional right to a fair trial. The State contends that there was no error. We agree with the State.

"Failure to object generally precludes appellate review." *Saletta v. State,* 127 Nev. 416, 421, 254 P.3d 111, 114 (2011). However, this court may, upon its discretion, review unpreserved errors for plain error. *See id.* Under plain error review, this court must determine (1) "whether there was error," (2) "whether the error was plain or clear," and (3) "whether the error affected the defendant's substantial rights." *Id.* (internal quotation marks omitted).

Prior to Martin testifying, and outside the presence of the jury, the State disclosed its intention to lead Martin as an adverse witness on direct examination. Alexander raised concerns about defining Martin as an

adverse witness, but failed to make a proper objection. Rather than arguing that the State should be prohibited from using leading questions on direct examination, Alexander appeared concerned about the district court limiting his cross-examination to only open-ended questions. The district court resolved the matter by allowing both sides to ask leading questions, which Alexander approved. Alexander failed to object, and thus plain error review is appropriate.

Under the first prong of plain error review, we conclude that that there was no error, which ends our inquiry. NRS 50.115(3)(a) provides that "[l]eading questions may not be used on the direct examination of a witness *without the permission of the court.*" (Emphasis added.) "Whether leading questions should be allowed is a matter mostly within the discretion of the trial court, and any abuse of the rules regarding them is not ordinarily a ground for reversal." *Barcus v. State*, 92 Nev. 289, 291, 550 P.2d 411, 412 (1976) (internal quotation marks omitted). Here, the State obtained the district court's permission to lead Martin on direct examination and the record does not reflect that the court abused its broad discretion in making its determination. Therefore, Alexander has not demonstrated plain error.

*Sufficient evidence exists to support Alexander's convictions relating to the Kwik-E Market, Las Vegas Nail Spa, and Rainbow Market robberies*

Alexander disputes the sufficiency of the evidence with regard to the Kwik-E Market, Las Vegas Nail Spa, and Rainbow Market robberies by highlighting the lack of physical evidence, the lack of positive identification, and the inconsistencies in the victims' testimony.

"The standard of review for sufficiency of the evidence in a criminal case is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, after viewing

the evidence in the light most favorable to the prosecution." *Jackson v. State*, 117 Nev. 116, 122, 17 P.3d 998, 1002 (2001) (internal quotation marks omitted). "The trier of fact determines the weight and credibility to give conflicting testimony, and on appeal this court will not disturb a verdict which is supported by sufficient evidence." *Mulder v. State*, 116 Nev. 1, 15, 992 P.2d 845, 853-54 (2000). Moreover, "circumstantial evidence alone may sustain a conviction." *Deveroux v. State*, 96 Nev. 388, 391, 610 P.2d 722, 724 (1980). Victim testimony is also sufficient to support a conviction. *See Harrison v. State*, 96 Nev. 347, 351, 608 P.2d 1107, 1110 (1980). Finally, this court has reiterated that "[i]n order to sustain a conviction it is not necessary that the identification of the defendant as the perpetrator of the crime be made positively or in a manner free from inconsistencies." *Williams v. State*, 93 Nev. 405, 407, 566 P.2d 417, 419 (1977) (internal quotation marks omitted).

Here, Alexander admitted that he wore a dark bandana over his face when he pointed a gun at the Family Dollar cashier and demanded that she open the register. In comparing the Family Dollar robbery to the other robberies, a detective testified as follows:

> [T]he incidents in general were very similar. They were the only incidents of that like that occurred in that time period or since where two suspects were entering businesses in the northeast, and . . . not only were they targeting the actual business money, but they were actually targeting victims in the store, which is relatively unique in my line of work. And . . . specifically the suspect always had the [white skull] mask, one had the bandana, and those robberies came to a stop after they were arrested.

According to the detective, Martin confirmed that Parker and Alexander committed the robberies, and that the physical builds of the two robbers

 

appeared to be consistent in all of the robberies. The detective's testimony was supported by the photographs taken from Family Dollar, which the jury had the opportunity to compare with surveillance videos taken from the other three locations. Accordingly, the jury could reasonably conclude that the same Family Dollar robbers were also responsible for the Kwik-E Market, Las Vegas Nail Spa, and Rainbow Market robberies.

Surveillance videos and testimony from each victim provided sufficient evidence to support the jury's verdict, despite the lack of physical evidence. Therefore, when viewed in the light most favorable to the State, there was sufficient evidence for a rational trier of fact to find Alexander guilty beyond a reasonable doubt of the crimes associated with the Kwik-E Market, Las Vegas Nail Spa, and Rainbow Market robberies. Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Michelle Leavitt, District Judge
       Law Offices of John P. Parris
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

