# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCO ANTONIO DIAZ-NERI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77287

**FILED**

SEP 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a sentencing decision following appellant's guilty plea to one count of burglary, which was preceded by appellant's stipulation to the revocation of his probation on a separate, prior conviction. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

Appellant Marco Diaz-Neri pled guilty to burglary pursuant to NRS 205.060. During his sentencing hearing on that case (Case 2), Diaz-Neri stipulated to revocation of his probation in a separate, prior case (Case 1). The same district judge that presided over sentencing in Case 2 had sentenced Diaz-Neri to probation in Case 1, during which the court apparently committed to requiring Diaz-Neri to serve the underlying sentence in Case 1 if he appeared back before the court.[1] Thus, in the sentencing hearing for Case 2, the district court noted its prior "commitment" to revoke probation in Case 1 and sentenced Diaz-Neri to the 149 days remaining to be served in Case 1. Then, turning to the "disturbing facts" of Case 2, the district court sentenced Diaz-Neri to a term of 28-72 months in Case 2, to run consecutively with the sentence from Case 1.

---

[1]The appellant has not included the record of this hearing, so this is based on the parties' briefing and certain statements by the State and the district court during sentencing.

*19-40006*

Diaz-Neri appeals his sentence in Case 2, arguing that the district court's prior "commitment" to revoke his probation in Case 1 was, in fact, an erroneous sentencing "predetermination" under *United States v. Tatum*, 760 F.3d 696, 697 (7th Cir. 2014). According to Diaz-Neri, he only stipulated to revocation of his probation based on the court's "predetermination," and that "predetermination" also "disabled [the district court] from imposing any other sentence save for a consecutive sentence of 28-72 months." Typically, this court reviews a district court's sentencing decision for an abuse of discretion, *Martinez v. State*, 114 Nev. 735, 737-38, 961 P.2d 143, 145 (1998); however, because Diaz-Neri did not raise these challenges before the district court, we review for plain error, *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008); *Grey v. State*, 124 Nev. 110, 123, 178 P.3d 154, 163 (2008) (observing that unpreserved sentencing errors are subject to plain error review.

Given his failure to preserve the alleged error and this unforgiving standard of review, Diaz-Neri has raised an interesting issue via an improper vehicle—to be plain, an error must, "at a minimum," be "clear under current [controlling] law." *Saletta v. State*, 127 Nev. 416, 421, 254 P.3d 111, 114 (2011) (internal quotations omitted). And this court has not yet adopted *Tatum* or any similar rule for courts in this jurisdiction. Furthermore, even "an error that is plain from a review of the record does not require reversal unless the defendant demonstrates that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice." *Valdez*, 124 Nev. at 1190, 196 P.3d at 477 (internal quotations omitted); *see also* NRS 178.598. And Diaz-Neri has failed entirely to demonstrate that the supposed error was prejudicial to him. He argues—without any record support—that he stipulated to the revocation

SUPREME COURT
OF
NEVADA

(O) 1947A

2

because of the "predetermination," but during his stipulation and sentencing he made no mention of this, instead stating he was "in agreement with his probation being revoked in [Case 1]" because he was "admitting the violation [in Case 2]." Nor can Diaz-Neri demonstrate that the supposed "predetermination" affected his sentencing decision in Case 2, inasmuch as the district court explained prior to issuing that sentence that it determined sentencing in Case 2 based on its review of the "very disturbing" underlying facts.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. Lynne K. Simons, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk